---

## CARTWRIGHT v. PHŒNIX.

Where the plaintiff bought eight hundred sacks of flour, on storage in a warehouse, which stood therein as a separate pile, the number of sacks of which was ascertained by counting the outside rows, and the number in the pile marked on one of the sacks, and it was thus delivered to the purchaser, who permitted it to remain in the same place, where it was several days afterwards attached as the property of the vendor: *Held,* that the delivery was sufficient, and the sale valid.

APPEAL from the District Court of the Fifth Judicial District, County of Amador.

This was an action to recover from the administrator of Phœnix, deceased, the value of flour taken by the decedent, when acting as the sheriff of Amador county. The facts of the case appear in the findings of the Court below, which were as follows:

That the property in dispute consisted of eight hundred sacks of flour belonging to one A. H. Hitchcock, who stored it in a house, at the time in possession of A. T. Cartwright, brother to plaintiff; that in the same house were stored other sacks of flour, amounting to a considerable quantity, the whole placed in three distinct piles.

That on the twenty-sixth day of April, in the morning, a contract of sale was made and entered into between Hitchcock and plaintiff, through one Sill, acting as agent for plaintiff, and a bill of sale given.

That on the same day, in the evening, the plaintiff, Hitchcock, and Sill, went to the house where the flour was stored, and Hitchcock said to Sill, "There is the flour," pointing to the pile where the flour in dispute was placed, upon one of the sacks of which was placed the number, "800;" that Sill estimated the number of sacks by counting one of the outer tiers, and in no other way; that the flour was purchased and sold by weight, as twenty tons, and was paid for as such; that during the evening, the purchase-money was paid; the flour remained in the same condition until attached by defendant, as sheriff, and there was no visible change of ownership or possession.

That the defendant established his justification under the attachment, judgment, and execution, as set forth in the answer.

That the sale was not accompanied with delivery, and followed by an actual and continued change of possession.

Judgment was entered for defendant. Plaintiff moved for a new trial, which being denied, he appealed.

*Smith & Hardy* for Appellant.

*Tod Robinson* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

The facts found by the Court below do not warrant the judgment. So far as they are set out, they go to establish that the sale was *bona fide.*

The judgment of the Court seems to be predicated on a supposed want of delivery, and actual and continued change of possession, making the sale a constructive fraud. We think that this position is rebutted by the facts found, and that all was done which, under the circumstances, was necessary to pass the property from the vendor to the vendee. It was not necessary for the vendee to remove the property from the house where it was at the time of the purchase, to bring himself within the statute.

The parties seem to have done all that could necessarily have been required of them. The flour was sold as eight hundred sacks, containing so many pounds; it was placed in a separate pile, in the house; the number of sacks ascertained by counting one of the outside rows, and the number marked on one of the sacks; it was thus delivered to the purchaser, and the price paid in money, and so remained for several days before it was attached.

We are at a loss to know what other act should have been done to render the sale valid.

Judgment reversed, and cause remanded.