## CHAFFIN et als. v. DOUB, Sheriff.

THE rule, under our statute, as to delivery of possession of mortgaged personal property, is not more strict than that held by the English and United States Courts under the Statute of Frauds.

What constitutes delivery, depends on the character of the article and the circumstances of the case.

Hay cut on land in possession of B. lies in three fields, of about one hundred and fifty acres, in swaths, cocks, windrows, and stacks. Plaintiffs mowed it, and boarded with B. B. mortgages the hay to plaintiffs for work, and they cease to board with B. whose dwelling is separated from these fields by a fence. Plaintiffs proceed to gather and stack the hay, until the levy of an execution on it, eight days afterwards, by defendant as B.'s property. Held, that, even conceding removal from the premises to be essential to a complete delivery of the hay, still, plaintiffs were entitled to reasonable time to do it, and, that the Court erred in assuming as matter of law that eight days was too long.

But we do not decide, that any removal from the land was necessary to vest a perfect title as against the creditors of B.

APPEAL from the Seventh District.

*W. Skidmore,* for Appellants.

1. There was as absolute a delivery of the property and retention of possession as the nature of the property would admit of. (2 Par. on Contracts, 323, 324, and notes and authorities cited.)

In the case at bar, the hay was bulky—being two hundred tuns—sufficient to make half a dozen large stacks. It was scattered over one hundred and fifty acres of land. The delivery and retention were not only constructive and symbolical, but they were actual.

Chancellor Kent, in his Commentaries, (Vol. 4, p. 500,) lays down the following rules with regard to bulky articles: "The consent of the parties upon the spot is a sufficient possession of a column of granite, which, by its weight and magnitude, was not susceptible of any other delivery, and possession was taken by the eyes and the declared intention." (*Manton* v. *Moore,* 7 Term, 67; *Stovald* v. *Hughes,* 14 East, 308; *Montgomery* v. *Hunt,* 5 Cal. 366; *Scannell* v. *Gorham,* Id. 226; *Burrows* v. *Stebbins,* 26 Vt.)

Buckelew had no other property in the fields. The mortgagees had ceased to work for Buckelew or to board with him; neither Buckelew or his servants went near the hay afterward, the mort-

gagees remained in the sole possession of the hay and the premises on which it lay.

This delivery was as immediate and as complete as the nature of the case would admit. Nothing further was to be done on either side. If the delivery was complete, then it follows, as a matter of course, that immediately thereafter a creditor of Buckelew could not have taken the hay. If there was any period of time, however short, when a creditor could not have taken the hay, when did that time cease? The plaintiffs continued to hold possession of the hay during the whole of the eight days which followed, as completely as they held it fifteen minutes after the delivery.

Suppose the Sheriff had come and taken the hay eight hours after the delivery, would it have been legal? If there was a change of possession of the field in which the hay lay, then there was no necessity of moving the hay outside of the fields or the rancho; but if such was not the case, then we say the article was so situated and so bulky that a reasonable time had not elapsed for its removal. (*Pacheco* v. *Hunsacker, ante; Swanston* v. *Sublette,* 1 Cal. 128.)

*W. H. Patterson,* for Respondent, cited : *Richards* v. *Schroeder,* 10 Cal. 431; *Van Pelt* v. *Little,* Id. 394; *Chenery* v. *Palmer,* 6 Id. 119; *Fitzgerald* v. *Gorham,* 4 Id. 289 ; 5 Id. 226.

*Heydenfeldt,* also, for Respondent, argued : that, the hay should have been removed to other premises and stacked; that the stacking it on Buckelew's land showed an intention not to remove it all, etc.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

One Buckelew mortgaged certain hay to the plaintiffs to secure debts due them for work in mowing, etc. The hay was grown and lying in three fields of considerable extent. The plaintiffs, at the time of the mortgage, boarded with Buckelew, who lived on the farm; but, after the mortgage, they ceased to board with him. The fields were inclosed, and were separated by the inclosure from the dwelling-house of Buckelew. Buckelew did not go into the fields after this. The hay lay in swaths,

cocks, windrows, and some of it was in stacks. At the time of the mortgage, Buckelew took some of the hay in his arms and gave it to the plaintiffs, or one of them, as a symbol of possession. The men continued to work on the hay, gathering and stacking it up, until the levy by the defendant upon it by attachment as the property of Buckelew. This levy was some eight days after the execution of the mortgage. Upon this testimony, as to the delivery, the Court below held it insufficient, and directed a verdict for the defendant, which was given accordingly; and plaintiffs now appeal from the judgment.

The statute, (Wood's Dig. 107, Art. 405,) providing "that no mortgage of personal property, hereafter made, shall be valid against any other person than the parties thereto, unless the possession of the mortgaged property be delivered to, and retained by, the mortgagee," is supposed to uphold the ruling of the District Judge. The provision is not dissimilar to the 403d Art. in the same statute.

This case is wholly different, in fact and principle, from *Richards* v. *Schroeder*, (10 Cal. 434.) In that case, no change of possession of the brick was contemplated. The case is more like the case of *Pacheco* v. *Hunsacker*, at the last term.

We think that the statutory rule on this subject was not intended to be more strict than that held by the English and United States Courts as the proper construction of the Statute of Frauds. (29 Ch. 11.) The words of the rule are not to receive an unreasonable construction. Although delivery be requisite in cases of sales, yet, what will constitute a delivery, must depend, in some measure, upon the character of the article sold and the peculiar circumstances of the case. Mr. Parsons on Contracts, (Vol. 2, p. 323,) says: "It may be said, in general, that a delivery must be a transfer of possession and control made by the seller with the purpose and effect of putting the goods out of his hands. This is a sufficient delivery, whatever its form. Hence, it may be constructive as by delivering the key of a warehouse, or making an entry in the books of a warehouse-keeper, or delivery with an indorsement of a bill of lading, or even of a receipt, or without even such, when the goods are bulky and difficult of access, as a quantity of timber floating in a boom, or a mass of granite, or a large stack of hay."

Kent, (Com. 4, p. 500,) holds that the consent of the parties upon the spot is a sufficient possession of a column of granite, which, by its weight and magnitude, was not susceptible of any other delivery, and was taken by the eyes and declared intention.

But this case is much stronger for Appellant. Here, the hay was not yet in a condition for removal, but scattered over a large area—some one hundred and fifty acres—necessarily requiring time to gather it up and stack it, for the purpose of preserving and getting it into a condition for use. If an actual immediate delivery were construed to mean a removal immediately from the premises, the requirement of the statute in such cases would be impossible of performance. But, if such removal be necessary at all—the vendees being in possession of the fields —the Court erred in assuming, as a matter of law, that a delay of eight days was too long to enable the plaintiffs to gather up and remove the hay from the fields of Buckelew. But we do not decide that this removal, under the circumstances of this case, was necessary for the vesting of title in the plaintiffs as against the creditors of Buckelew.

Judgment reversed, and cause remanded.