[No. 971.]

R. SADLER, APPELLANT, *v.* D. B. IMMEL, RESPONDENT.

NATIONAL BANKRUPT LAW SUSPENDS STATE STATUTE.—The national bankrupt law suspended the statute of this state, relating to insolvent debtors.

IDEM—COMMON LAW ASSIGNMENT.—The mere existence of the bankrupt law does not, *ipso facto*, render a common law assignment void.

IDEM—ASSIGNMENT VALID.—An assignment fairly made for the benefit of all the creditors, is valid, if no proceedings in bankruptcy were instituted within six months from the date of the assignment.

ASSIGNMENT—CONSENT OF CREDITORS.—The assent of creditors representing debts equal to the value of the property assigned, is a valid consideration. If their debts are of less amount than the property, it gives the assignees a right to retain property to the amount of their debts.

FINDINGS OF FACT—WHEN WILL BE PRESUMED.—Where there is no express finding that the amount of the debts of the assenting creditors: *Held*, that it will be presumed in support of the judgment, in the absence of any finding to the contrary, that creditors having debts equal to the value of the assigned property did come in and consent.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*Geo. W. Baker*, for Appellant:

I. The assignment is not made in accordance with the provisions of the statute of this state, regulating assignments by insolvent debtors.    (1 Comp. L. 426–464.)

II. The state insolvent laws are in force, until proceedings in bankruptcy are actually instituted under the national bankrupt law.    (*Mallbie* v. *Hotchkiss et al.*, 38 Conn. 80; *Reed* v. *Taylor*, 7 Am. Rep. 180.  *In re Ziegenfuss' Case*, 2 Ired. (L.) 463.)

*A. M. Hillhouse*, for Respondent:

I. The bill in equity, in this action, can not be sustained, 7 Cal. 201.

II. The complaint does not state facts sufficient for a cause of action. It does not show that Immel is insolvent. If a person is not insolvent, he can, of course, do as he pleases with his property, and no one can complain. (12 Cal. 246.)

III. The judgment of the district court is correct, because at the time of the assignment complained of, the bankrupt law of the United States was in force, which superseded entirely the state insolvency law. (*Martin* v. *Berry*, 37 Cal. 208–220; *Sturges* v. *Crowninshield*, 4 Wheat. 422; *In re Reynolds*, 8 R. I. 485; 5 Am. Rep. 615; *Griswold* v. *Pratt*, 9 Metc. 16.)

*John T. Baker*, for Appellant, in reply:

The national and state laws must actually come in conflict, by proceedings in court, either state or national. (*Commonwealth* v. *O'Hara*, 1 Bank. Reg. 86; 6 Phil. 402; 6 Am. Law Reg. 765; *In re Langley*, 1 Bank. Reg. 559; 1 L. T. B. 34; 7 Am. Law Reg. 429; *Van Nostrand* v. *Barr*, 2 Bank. Reg. 485; 30 Md. 128; *Martin* v. *Berry*, 2 Bank. Reg. 629; 37 Cal. 208; 2 L. T. B. 180; *Corner* v. *Miller et al.*, 1 Bank. Reg. 403; *Shears* v. *Solhinger*, 10 Abb. Pr. (N. S.) 287; *In re Reynolds*, 9 Bank. Reg. 50; S. C., R. I. 485; *In re Lucius Eames*, 2 Story, 322; *Bishop* v. *Loewen*, 2 Penn. L. J. 364; 49 Mass. 16; 13 Bank. Reg. 366; 54 N. H. 190.)

By the Court, LEONARD, J.:

Respondent, Immel, was a banker in Eureka. Being indebted to respondents, Chamblin, Bishop, and Bartlett, and other persons in Eureka county, he assigned, by an instrument in writing, all his property, real and personal, to his co-defendants, in trust, to be converted into money, and that to be used in the payment, *pro rata*, of all such creditors in said county as should come in, and by writing accept the benefits of the assignment. The trustees named accepted the trust and took possession of the property. Plaintiff was notified of the assignment and invited to accept its benefits, but he refused to do so. At the date of the assignment plaintiff was a creditor at large of Immel. He subsequently obtained judgment for the amount due him. An

execution was issued and returned wholly unsatisfied. Thereupon this suit was brought to obtain a decree declaring null and void the said assignment as to plaintiff, and permitting him to sell sufficient of the assigned property to satisfy his judgment. It does not appear that Immel was indebted to any person outside of Eureka county.

There was no proof of any actual fraud, and the court found as facts that the assignment was made in good faith by Immel, for the purpose of securing all creditors residing in Eureka county who would accept under the trust; that creditors representing over sixty thousand dollars indebtedness accepted under the trust, and consented to the assignment; that plaintiff was a resident of Eureka county; that at the date of the commencement of this suit the trustees had in their possession, and under their control, money realized from the assets of Immel, assigned to them, to the amount of twenty thousand dollars, and that the amount of the assets assigned was sufficient to pay in full the creditors who accepted under the trust. The court found as a conclusion of law that defendants were entitled to a judgment for their costs. This appeal is from the judgment so entered. The question involved is, whether the assignment is sufficient to hold the assigned property against a judgment creditor who never consented to the assignment or accepted of its benefits.

Counsel for appellant claims that the assignment is invalid at common law, because it contains no inventory or schedule of the assets, and no list of the creditors of Immel; that it is invalid because appellant, a judgment creditor, never consented to it or accepted under it, and because it was not made under, and in accordance with, the statute of this state regulating assignments by insolvent debtors. (1 Comp. L., sec. 426, *et seq.*)

Section 464 of the statute referred to reads as follows: "No assignment of any insolvent debtor, otherwise than is provided in this act, shall be legal or binding upon creditors;" and it is not claimed that the assignment in question was made as provided in the state insolvent law.

At the date of the assignment the national bankrupt law

was in force, and it is urged by counsel for respondents, that thereby, the state insolvent law was entirely superseded. On the contrary, it is claimed by counsel for appellant, that the bankrupt law did not supersede the state law, inasmuch as the jurisdiction of the federal court was not called into exercise; and that, even though the balance of the state law was superseded or suspended, the last section (464) remained in full force, and consequently that the assignment in question was void because not made in accordance with the state law.

Upon reason and authority, we are of opinion, that while the national law was in force, any proceedings commenced under the state law would have been null and void. (*Martin* v. *Berry*, 37 Cal. 222; *Sturges* v. *Crowninshield*, 4 Wheat. 122; *In re Reynolds*, 5 Am. R. 615; *Chamberlain* v. *Perkins*, 51 N. H. 339; *Cook* v. *Rogers*, 31 Mich. 395.)

It necessarily follows that the whole statute was suspended at the date of the assignment, unless it be true that the last section continued in force. We think, however, that that section shared the fate of the balance. The only assignment of an insolvent debtor permitted by that section would have been useless, because the law that provided for it, supported it, and carried it into effect, was suspended. The legislature did not intend to enact the last section except in connection with the other parts of the statute. It was not intended that common law assignments, fairly made by insolvent debtors, should not be valid, after the method then provided should become unavailable.

Whether the assignment in question would have been an act of bankruptcy, and whether it would have been declared void, had proceedings been instituted within six months thereafter, under the bankrupt law, need not be decided, as no such proceedings were commenced at any time. The assignment is now unaffected by the bankrupt law.

" If more than six months elapse after the conveyance, and before the filing of the petition, the consequence, by necessary implication, is unaffected by the bankrupt act. If originally valid, it remains valid still. From this provision (Bankrupt Act, sec. 35,) it seems manifest that con-

gress intended that the bankrupt act should leave all such consequences as it found them, unless proceedings in bankruptcy were instituted within six months." (*Maltbie* v. *Hotchkiss*, 38 Conn. 84.)

The simple existence of the bankrupt law did not, *ipso facto*, render void a common law assignment. (*Cook* v. *Rogers*, 31 Mich. 392, 400; see, also, *Beck* v. *Parker*, 65 Pa. St. 264.)

The state insolvent law, having been suspended at the time of the assignment, by the bankrupt law, and no proceedings in bankruptcy having been instituted within six months, it must be held valid under the common law, if it was fairly made for the benefit of all the creditors of Immel. (Burrell on Assignments, 22, 24, 59.)

As the case stands before us, it must be considered that the assignment was an honest conveyance to proper persons, intended to secure the full payment of all creditors in Eureka county, if the property should prove sufficient, and if not, then to be distributed *pro rata* among such creditors.

It is urged as fatal to the assignment that provision was made for creditors of Eureka county alone. But the instrument itself only recites the fact that Immel was indebted to residents of that county, the language being: "Whereas, * * * I am indebted to sundry and divers parties in said town and county of Eureka, including the trustees herein named, in large sums of money, aggregating the sum of twenty-eight thousand dollars, more or less; and whereas, it is my desire to secure all of my said creditors in said county who shall come in, and by writing accept the benefits of this assignment: Now, therefore, this indenture is made," etc. The assignment is made part of the complaint, and there is no allegation therein, no proof or finding, of indebtedness outside of Eureka county, and certainly there is no legal presumption that he was indebted to persons residing elsewhere.

So far as the record shows, then, he was indebted only to the persons stated, and if that is the case, equal provision was made for all creditors.

There is no force in the objection that a sufficient sched-

ule of Immel's indebtedness and the names of his creditors was not embodied in or appended to the assignment. (Burrell on Assignments, 165–167; *Forbes* v. *Scannell,* 13 Cal. 243.)

It is found by the court that plaintiff did not accept under the assignment, and that he did not consent thereto. That finding shuts out the presumption of assent frequently indulged in by courts. But admitting that the assent of creditors was necessary (a question we do not decide), it was not necessary, in order to make the assignment valid and operative, that all should assent, if the amount of the debts exceeded the value of the property. The assent of those representing debts equal to the value of the property assigned, is a valid consideration, and gives full legal effect to an assignment; and if their debts are of less amount than the property, they constitute a good consideration *pro tanto*, and give the assignees a right to retain property to the amount of such debts. (Burrill on Assignments, 392; *Adams* v. *Blodgett,* 2 Woodb. and Minot, 237; *Fall River Iron Works* v. *Croade,* 15 Pick. 16; *Everett* v. *Walcott,* Id. 97; *May* v. *Wannermacher,* 111 Mass. 202.)

The record shows that witnesses were examined by both parties, but their testimony is not before us. The court found certain facts, and among others, that creditors representing over sixty thousand dollars came in and accepted the benefits of the trust, and consented to the assignment; and that the amount of the assets assigned was, and is, sufficient to pay in full the creditors who accepted under the trust. There is no express finding that the amount of the debts of assenting creditors was equal to the value of the property assigned; but there is no finding irreconcilable with such conclusion, and it is urged by counsel for appellant, in his brief, that Immel was insolvent at the date of the assignment, and it is alleged in the complaint that he was totally insolvent when the suit was commenced. But if the evidence and admissions of the parties did not show that the debts of consenting creditors were equal in amount to the value of the assigned property, plaintiff should have requested a finding to that

effect; and conceding it to be true, without deciding the question, that a voluntary assignment like this has no consideration to sustain it beyond the amount of debts represented by assenting creditors, and that any property included in the assignment, exceeding the amount of such debts, is liable to be subjected to the claims of creditors not assenting, still we must presume, in support of the judgment, an implied finding, that creditors having debts equal to the value of the assigned property did come in and assent. (*More* v. *Lott*, 13 Nev. 380.) We deem it unnecessary to consider other points urged by counsel for respondent in favor of the judgment, or to comment upon the California decisions cited by counsel for appellant, from which it is argued that section 464 of our insolvent law was not suspended, with the rest of the statute, during the time the bankrupt law was in force.

The judgment is correct, and it is affirmed.