[Civil No. 215. Filed December 22, 1887.] .

[S. C. 15 Pac. 862.]

## J. L. GANT, Plaintiff and Respondent, v. N. M. BROADWAY, Defendant and Appellant.

1. SALES—CHATTELS—DELIVERY TO AVOID STATUTE OF FRAUDS—COMP. LAWS ARIZ. 1877, p. 363, par. 2128 CITED.—The acts that will constitute delivery of a chattel vary and depend upon the character and quantity of the property sold as well as the circumstances of each particular case. The same acts are not necessary to the delivery of a ponderous article as would be required in an article of small bulk.

2. SALES—DELIVERY OF CHATTEL IN HANDS OF BAILEE—TRANSFER OF RIGHT OF POSSESSION CONSTITUTES DELIVERY.—Transfer of title and right of possession of bulky chattels in the hands of bailee constitute delivery.

APPEAL from a Judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Affirmed.

The facts are stated in the opinion.

A. C. Baker, for Appellant.

The sale relied upon by appellee is attacked in this case under Sec. 15, Chap. 36, Comp. Laws, that law being in force at the time of trial. It is contended that the evidence fails to show any delivery of the hay or that there was any

change of possession. *Merrill* v. *Hurlburt,* 63 Cal. 94, 49 Am. Rep. 78; *Bell* v. *McLellan,* 67 Cal. 283, 7 Pac. 689.

We complain of the instructions because they introduce the test of actual fraud to the jury, whereas the intent of Sec. 15, Chap. 36, Comp. Laws, was to make the absence of certain things conclusive evidence of fraud, viz: Immediate delivery followed by actual and continued change of possession. *Wood* v. *Bugby,* 29 Cal. 475.

H. B. Lighthizer, for Respondent.

The main issue in this case is as to whether or not the sale relied upon by appellee was accompanied by an immediate delivery and followed by an actual and continued change of possession of the property sold, within the meaning of Sec. 15, Chap. 36, C. L. The charge as a whole, fairly submitted the case to the jury on such issue, and that some of the instructions may be subject to verbal criticism is not sufficient cause for disturbing the verdict or judgment. *Brooks* v. *Crosby,* 22 Cal. 43.

That the hay in suit was "bulky and difficult of access," clearly appears from the evidence, so that the court very property instanced it as a fit subject for constructive delivery. *Chaffin* v. *Doub,* 14 Cal. 387, 73 Am. Dec. 656; *Lay* v. *Neville,* 25 Cal. 552.

Actual change in the situation of cumbersome property under circumstances which of themselves preclude the idea of fraud is not essential to an immediate delivery and continued change of possession within the meaning of the statute. *Godchaux* v. *Mulford,* 26 Cal. 325, 85 Am. Dec. 178. *Woods* v. *Bugby,* 29 Cal. 475.

An agreement of a third party, in possession at the time of the sale, to hold for the vendee is equivalent to a delivery. Benj. on Sales, Sec. 17; *Montgomery* v. *Hunt,* 5 Cal. 366; *Cartwright* v. *Phoenix,* 7 Cal. 282. The sale to Gant was as notorious as was the previous ownership of Thompson. *Stevens* v. *Irwin,* 15 Cal. 503, 76 Am. Dec. 500; *Hersthal* v. *Myers,* 53 Cal. 626; Benj. on Sales, Secs. 179, and 679, note "N."

The question whether or not the sale was made to defraud creditors was not an issue in the case.

BARNES, J.—This was a suit in replevin of hay in bale. Defendant justified seizure as sheriff by virtue of attachment against one Thompson. It appeared in evidence that the hay had been cut and baled and piled up by one Kellogg on his farm, and that he had sold the hay to Thompson where it stood. That thereafter Thompson sold the hay to Grant, plaintiff. When Gant purchased, he said he would buy it, if Kellogg would let the hay stay where it was until he wanted to move it. Kellogg assented to it, and Grant bought and paid for the hay. He had moved none of it when defendant seized it as Thompson's hay by virtue of an attachment issued in favor of Goldman. The cause was tried by a jury, and the appellant, the defendant below, assigns for error the charge of the court, which was as follows:

The court gave the following instructions to the jury for the plaintiff: "The jury are instructed: (1) That a delivery of personal property must be a transfer of possession and control, made by the seller with the purpose and effect of putting the goods out of his hands. This is sufficient delivery, whatever its form. Hence it may be constructive, as by delivering the key of a warehouse, or even a receipt, or without such when the goods are bulky and difficult of access, as in the case of the hay in suit." "(3) Actual change of the situation of cumbersome property is not necessary to the immediate delivery and actual and continued change of possession required by our statutes to render a sale valid as against the creditors of the vendor, so that other circumstances connected with the sale preclude a continued ownership of possession in the vendor, and which, taken altogether, exclude from the transaction the idea of fraud. (4) When the goods at the time of the sale are in the possession of the third party, an actual receipt by or delivery to the vendee takes place when the vendor, the purchaser, and the third party agree that the latter shall cease to hold the goods for the vendor, and shall hold them for the purchaser." "(7) The jury are further instructed that, under the evidence, the possession of Thompson of the property in dispute, as

derived by his purchase thereof from Kellogg, the property still remaining on the premises of the latter at the time of the sale by Thompson to plaintiff, was at best but a constructive possession; and that, therefore, any *bona fide* change of property therein, from Thompson to plaintiff, which would give to the latter the immediate control of the same, and his (the plaintiff's) ownership as open and notorious as was the previous ownership of Thompson, and of such character as to the apparent custody of the property as to put one dealing with the vendor, with respect to such property, upon inquiry, or such at least as might suggest a change of ownership, would constitute such an immediate delivery, and actual and continued change of possession, as to render the sale valid as against the creditors of Thompson, and entitle plaintiff to a verdict. (8) If the jury believe from all the evidence that, by the terms of the sale from Thompson to plaintiff, the property in dispute was, before the levy thereon by defendant, placed unequivocally within the power and under the exclusive dominion of plaintiff, as absolute owner, discharged of all lien for the price, or that the change of ownership was substantial and permanent as between the parties to said sale, and that the apparent custody of the property was such as to put one dealing with the vendor with respect to it upon inquiry, or such, at least, as might suggest a change of ownership, or that there was such advertisement of the plaintiff's claim as would enable an ordinary prudent man to ascertain that he could no longer rely on his knowledge of the former ownership of Thompson, then, as a matter of law, would said sale be valid as against the attaching creditors of Thompson, and the jury will find for the plaintiff. (9) The jury are further instructed that, if they believe from all the evidence that the plaintiff, in good faith, purchased the property in dispute from Thompson before the levy thereon by defendant, and that, by the terms of such purchase, the plaintiff took immediate possession and control thereof, and that there was such advertisement of plaintiff's claim as would enable an ordinary prudent man to ascertain that he could no longer rely on his knowledge of the ownership of the former proprietor, (Thompson,) then will the jury find for the plaintiff."

The question raised was whether there was what in law amounts to a delivery of the chattels. The statute provides (Comp. Laws, 2128) that every sale by a vendor of chattels in his possession or under his control, unless the same be accompanied by delivery, and followed by an actual and continued change of possession, shall be conclusive evidence of fraud, as against creditors. As was said in *Lay* v. *Nevill,* 25 Cal. 553, "the acts that will constitute a delivery will vary in the different classes of cases, and will depend very much upon the character and quantity of the property sold, as well as the circumstances of each particular case. The same acts are not necessary to make a good delivery of a ponderous article, like a block of granite or a stack of hay, as would require in case of an article of small bulk, as a pound of bullion." To the same effect is *Chaffin* v. *Doub,* 14 Cal. 384.

In this case, Kellogg was the ostensible owner of the hay. He had cut it, baled and piled it up on his land. Had his creditors levied upon it, the question would have been clearly before the court. Thompson's possession was constructive and good as between him and Kellogg. He transferred to Gant all the titled and possession he had. Kellogg had given him permission to leave it where it was, and Kellogg gave to Gant the same permission. Kellogg being the ostensible owner, and apparently in the possession, a stranger is charged with notice of his possession. But his possession is not attacked; it is Thompson's, who was not ostensibly in possession. Thompson never had any actual possession; and when the levy was made, he had no right or title. That had passed to Gant. The issues were fairly presented. We see no error in the charge. The judgment is affirmed.

Wright, C. J., and Porter, J., concur.