MARTIN CHIATOVICH, MIKE PETERSON AND T. M. DEKENS, PLAINTIFFS AND APPELLANTS, *v.* THOMAS YOUNG, DEFENDANT, LOYD WILSON AND MARTIN G. EVANSEN, THIRD PARTY CLAIMANTS AS THE ASSIGNEES OF DEFENDANT THOMAS YOUNG, RESPONDENTS.

No. 3357

June 17, 1942.                                127 P. (2d) 218.

*N. E. Conklin,* of Hawthorne, for Appellant.

*Martin G. Evansen,* of Hawthorne, for Respondents.

## OPINION

By the Court, ORR, J.:

On the 3'd day of April 1941 one Thomas A. Young, describing himself as a mine operator, made an assignment for the benefit of creditors. The assignment relates that the said Young was indebted to divers persons in considerable sums of money, which he was unable to pay in full, and that he desired to convey all of his property for the benefit of all of his creditors,

without any preference or priority other than that provided by law. By said instrument said assignor designated Loyd Wilson and Martin G. Evansen as trustees. The said assignment provided that after the payment of the debts which by law were entitled to preference, and the payment of costs and charges of the administration of the trust, the remainder be distributed among all the creditors who executed the said assignment as parties of the third part or acceded to its terms. Creditors John McGlynn, John Hudon, LeRoy Brady, Henry Ross, and Frank M. Chappell accepted the terms of the said assignment. On or about April 4, 1941, Martin Chiatovich, Mike Peterson, and T. M. Dekens, creditors of the said Thomas A. Young who had not accepted the terms of the said assignment, instituted an action in the district court of the Fifth judicial district of the State of Nevada, in and for Mineral County, and caused to be issued out of said court a writ of attachment. The sheriff of Mineral County made his return on said writ, wherein he stated that he, the said sheriff, did, on the 6th day of April 1941, attach personal property in the possession of Thomas Young, namely, "precipitates at the Kinkead Mill." On the 14th day of August 1941 there was filed in said court and cause by Martin G. Evansen, one of the trustees named in said assignment for the benefit of creditors, an instrument denominated "Petition of Third Party Claimants," it being alleged in said petition that the precipitates taken into possession by the said sheriff by virtue of said attachment were claimed by said Martin G. Evansen and Loyd Wilson 'as trustees for the creditors of the said Thomas A. Young, and they were entitled to the possession of the same. Thereafter an order was made by the said court setting the said petition for hearing for Thursday, August 28, 1941, at 10 a. m. The record fails to disclose any further proceedings that may have been had, until the 3d day of August 1941, at 2:30 p. m., at which time the petition of third-party claimants came on for hearing.

Evidence was introduced before the court, at the conclusion of which the matter was taken under advisement. On the 23d day of October 1941 the said court rendered its decision holding that the precipitates taken into possession by the sheriff under said attachment were the property of Loyd Wilson and Martin G. Evansen, as trustees under and by virtue of the assignment for the benefit of creditors, and that said trustees were entitled to possession of the said precipitates, and directed the said sheriff to deliver the possession of said property to the said assignees. From said order appellants prosecute this appeal.

Appellants question the jurisdiction of the trial court to hear the said petition of third-party claimants, for the reason that no third-party claim was in evidence or filed of record, and therefore there was nothing to initiate said third-party hearing. While there is no direct statement to that effect, we assume that appellants have reference to the requirement in section 8708.01) N. C. L. which provides: "Whenever a verified third-party claim is served upon the sheriff upon levy of the writ of attachment, the plaintiff, or the person in whose favor the writ of attachment runs, shall be entitled to a hearing within ten days therefrom before the court having jurisdiction of the action, in order to determine title to the property in question, which hearing must be granted by the said court upon the filing of an application or petition therefor."

■■ Whether or not the claim provided for in the statute was served upon the sheriff the record does not disclose. In order for appellants to be in a position to urge that question, they should have set it up as a defense in the lower court, and having failed to do so, and nothing to the contrary appearing in the record, this court will indulge the presumption that the proceedings were regular insofar as the requirements of the statute are concerned. Further, appellants having appeared in the proceeding and participated therein and

not having made any objection at the time to said proceeding or urged any alleged irregularities in the trial court, they have waived them, if in fact procedural irregularities exist. Steffy et al. v. Keton Truck Line Co., 44 Wyo. 345, 11 P. (2d) 1082.

Appellants next urge that the assignment was invalid insofar as the attaching creditors were concerned, and cites in support of this contention the case of Maitia v. Allied Land & Live Stock Co., 49 Nev. 451, 248 P. 893. That case has no application to the question of the validity of the assignment for the benefit of creditors, with which we are concerned. It does no more than determine that a creditor has the right to proceed as the attaching creditors have proceeded in this action, namely, refuse to be bound by the assignment and bring an independent action. It in no way prescribes that in the bringing of such independent action they may cause to be attached, and subjected to the satisfaction of a judgment they might obtain, property which had previously passed to assenting creditors by virtue of an assignment for their benefit.

■■ The case of Sadler v. Immel, 15 Nev. 265, has settled the question of the validity of assignments such as we are concerned with here, adversely to the contention of appellants. There, as here, an assignment for the benefit of creditors was made; there, as here, the assignment was accepted by certain creditors, repudiated by others; there, as here, the nonassenting creditors raised the question of the validity of the assignment, because of their nonassent. This court, in that case, said: "It is found by the court that plaintiff did not accept under the assignment, and that he did not consent thereto. That finding shuts out the presumption of assent frequently indulged in by courts. But admitting that the assent of creditors was necessary (a question we do not decide), it was not necessary, in order to make the assignment valid and operative, that all should assent, if the amount of the debts exceeded the value

of the property. The assent of those representing debts equal to the value of the property assigned, is a valid consideration, and gives full legal effect to an assignment; and if their debts are of less amount than the property, they constitute a good consideration pro tanto, and give the assignees a right to retain property to the amount of such debts."

■ We find in the case at bar the same situation as existed in the case of Sadler v. Immel, supra, that there is no evidence or finding that the debts of the assenting creditors were equal to the value of the property assigned. We also find in this case, as was stated there, that there is no finding or evidence irreconcilable with the conclusion that the amount due the assenting creditors was equal to the value of the property assigned. Plaintiffs made no effort to introduce evidence or to request a finding to the effect that the value of the assigned property was more than the amount of the debts due the assenting creditors. We must, therefore, presume, in support of the judgment and order, an implied finding that the creditors having debts equal to the value of the assigned property did assent. Sadler v. Immel, supra.

Appellants contend there was no delivery of the assigned property. On April 4, the day following the execution of the assignment, the trustees made a trip to the Kinkead mill. The values extracted from the ore recently treated at the mill were in solution and, manifestly, while in such form incapable of manual delivery. The trustees informed the men then in charge of the mill of the execution of the assignment for the benefit of creditors, that the trustees claimed the possession of the values in solution and of forty or fifty tons of ore at the mill, and instructed Mr. Chiatovich, who was in charge at the mill, to "run through" the said forty or fifty tons of ore and clean up the precipitates.

■ Two men were placed at the mill as watchmen, and were on duty at the mill for three nights. On the

6th of April the sheriff took possession of the precipitates which had been collected during the period from April 4 to 6. Upon the intervention of the sheriff with the levy of the writ of attachment, the trustees and their agents followed the only course open to them— withdrew the watchmen from the mill and asserted their right to possession and ownership through a third-party claim. A consideration of the condition and situation of the property as it existed at the mill leaves us in agreement with the finding of the trial court to the effect that there was such a delivery of the property as the nature of the property would reasonably admit, which is sufficient. 6 C. J. S., Assignments for Benefit of Creditors, sec. 10, p. 1230; Tognini v. Kyle, 17 Nev. 209, 30 P. 829, 45 Am. Rep. 442.

■■ In his briefs counsel for appellants indulges in considerable discussion relative to alleged liens which appellants have because of wages due, and of an alleged agreement relative to the handling and marketing of the precipitates, alleged to have been entered into between the assignor, Young, and appellants. Such an argument has no force in the present situation. Through the issues presented by the record, appellants are asserting their right to subject the property to the payment of their debts by an attachment suit, and not through a mechanics' lien foreclosure suit, and the possession of the precipitates has been surrendered to the sheriff pursuant to the levy of the attachment. The precise question to be determined is: Will a valid subsisting assignment for the benefit of creditors, not accepted by all of the creditors, prevail over a subsequent levy of an attachment in a suit instituted by certain creditors who have not acceded to or accepted the assignment for the benefit of creditors? We conclude that the facts presented in this case are such that the question must be answered in the affirmative.

The judgment and order appealed from are affirmed.