Lockwood v. Canfield.

LOCKWOOD *et al.* v. CANFIELD *et al.*

PAROL evidence is admissible to prove that a written assignment of personal property, absolute upon its face, was in fact made in trust for the benefit of others than the assignees, and to prove the character of the trust.

The principle involved is the same as that which permits the introduction of similar evidence to prove that a deed, absolute on its face, was intended as a mortgage, and the admissibility of such evidence is not an open question in this Court.

Thus, where T. and another, being indebted to plaintiffs and also to defendants, executed to defendants a written assignment of personal property, absolute in its terms, and expressing its consideration to be the receipt of a certain sum of money from defendants : *Held*, that plaintiffs might show by parol evidence a cotemporaneous verbal agreement as to the objects for which the proceeds of the assigned property were to be used.

In an action brought by one creditor against another to whom the debtor has made an absolute written assignment of property, the assignor is a competent witness for plaintiff to prove that the defendant, at the time of the assignment and in consideration thereof, agreed to pay to plaintiff the debt due him from the assignor out of the proceeds of the property, and that plaintiff's debt had priority.

The interest of the witness is equally balanced as between his two creditors, and· if this were not so, his interest in favor of plaintiff is a mere speculative and not a disqualifying interest, inasmuch as a recovery by plaintiff against defendant would not affect the liability of witness for plaintiff's debt, until the judgment should be satisfied.

Where a person takes an assignment of personal property under an agreement with the assignor that out of the proceeds he will pay a debt due from the assignor to a third person, the assignee stands to the creditor in the relation of a trustee, and is liable to a direct action by the creditor for the debt.

The proceeds are received to the use of the creditor, and the law creates the privity necessary to the maintenance of the action. ·

APPEAL from the Twelfth District.

Taylor & Wadsworth being in failing circumstances, executed to the defendants, to whom they were indebted in about the sum of $4,000, an assignment of certain accounts. The assignment attached to a schedule of the accounts is in these words : " Know all men by these presents, that we, Thos. L. Taylor and H. W. Wadsworth, late partners, doing business under the name of Taylor & Wadsworth, of the city of Marysville, county of Yuba, for and in consideration of the sum of $4,000 received of Canfield, Pierson & Co., of the city of San Francisco, the receipt of which is hereby acknowledged, have bargained, sold and transferred, and by these presents do bargain, sell and transfer unto the said Canfield, Pierson & Co., all the accounts due our late firm of Taylor & Wadsworth, of which the foregoing is a schedule, and all our books of account, being the ledger, journal, cash book and day book heretofore used by the said Taylor & Wadsworth, to have and to hold the same unto the said Canfield, Pierson & Co., their heirs, executors, administrators and assigns. In witness whereof, etc." Which was duly signed and sealed.

Taylor testified that at the time of the assignment he stated to defendants that they (T. & W.) owed to plaintiffs and to Hayden commission debts, which they felt in honor bound to pay first, and that the assignment would not be made, unless these debts were first provided for ; and that defendants then agreed that these commission debts should be paid by them to plaintiffs and to Hayden out of the first proceeds of the property assigned.

*Heydenfeldt*, for Appellants.

I.   The witness Taylor was in the position that a discharge of his liability to the plaintiffs would be the consequence of judgment against the defendants and payment by him. (Sharswood Starkie on Ev. 126.)

II.   Parol evidence is inadmissible to contradict, vary or alter a written contract. (*Spencer* v. *Tilden*, 5 Cow. 144 ; *Beckley* v. *Manson*, 22 Conn. 299 ; *Creery* v. *Holly*, 14 Wend. 26 ; Sharswood Starkie on Ev. 648, 651, 655.)

III.   There is no privity of contract between plaintiffs and defendants. (*Price* v. *Easton*, 4 B. & A. 434 ; *Williams* v.

*Everett,* 14 East. 582; *Barlow* v. *Brown,* 16 M. & M. 126; *Gibson* v. *Minet,* Ryan & M. 68; *Wedlake* v. *Hurley,* 1 C. & J. 83; *Baron* v. *Husband,* 4 B. & A. 611; *Bigelow* v. *Davis,* 16 Barb. 561.)

*Williams & Thornton,* for Respondents.

I.   The witness Taylor was not really interested; an assignment, or sale in fact, was made to the defendants to pay themselves and others—among the latter were the plaintiffs.   If the plaintiffs succeeded in recovering, the witness will still owe a debt so much larger to the defendants.   If the plaintiffs fail, the debt is still due them by the witness; the interest of the witness is thus balanced. (1 Greenleaf's Ev. secs. 399, 420.)

II.   The second legal proposition, as stated by the appellants' counsel, is correct; but what applicability it can have to the case before us we cannot see.

There are two reasons, plain and palpable, why the rule does not apply.   In the first place, it " is applied only in suits between the parties to the instrument."   (1 Greenleaf on Ev. 279.)

And second, " it does not apply in cases where the original contract was verbal and entire, and a part only of it was reduced to writing."   (1 Greenleaf on Ev. sec. 284 *a.*)

There was sufficient privity between the parties to enable plaintiffs to maintain the action.   (*Kreutz* v. *Livingston,* 15 Cal. 344; *Dickson* v. *Cunningham,* Mar. & Yerg. 221; 1 Parsons on Cont. top p. 390, and notes *o,* and *t; Carnegie* v. *Morrison,* 2 Metcalf, 381; *Huckabee* v. *May,* 14 Ala. 263 and cases cited; *The Delaware & Hudson Canal Co.* v. *The Westchester County Bank,* 4 Denio, 98, and cases there cited; *Baker* v. *Brecklin,* 2 Id. 45; *Dutton* v. *Poole,* 1 Ventris, 318–332; *Martin* v. *Hind,* Cowper, 443; *Wellington* v. *Sedgwick,* 12 Cal. 474; *Brewer* v. *Dyer,* 7 Cush. 337.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Taylor & Wadsworth, merchants, etc., being indebted in various sums to different persons, assigned to the defendants certain ac-

Lockwood *v.* Canfield.

counts, to be collected by them and the amount applied in payment of that indebtedness. The plaintiffs and defendants were among the persons for whose benefit the assignment was made; but it was agreed that the plaintiffs and one Hayden should be preferred in the order of payment, and the defendants admit that a sufficient amount has been received to pay their claims. On its face, the assignment is absolute and unconditional, and its object was shown *aliunde*, by the testimony of Taylor.

The first point made is, that Taylor was incompetent, on account of his interest in the event of the action. We are of opinion that this point is not well taken, and that Taylor had no such interest as would operate a disqualification either at common law or under the statute. The test in such cases is, that the witness will gain or lose by the direct legal operation and effect of the judgment, or that the record of the judgment will be legal evidence for or against him in some other action; and applying this test, it is plain that no disqualifying interest existed. The position of the defendants is, that the judgment against them relieves Taylor from his liability to the plaintiffs; but it is clear that no such result follows as a legal consequence from the mere judgment. To release him, it is necessary that the judgment should be satisfied, and until that is done, his liability will continue, though the effect of the judgment may be to diminish the probabilities of an action against him to enforce it. It is well settled that a speculative interest of this character cannot be urged as a ground of disqualification. (1 Greenleaf on Ev. sec. 400.)

Another answer is, that the interest of the witness was the same on both sides. He was indebted as well to the defendants as to the plaintiffs, and would be affected in the same manner by the success of the latter as by that of the former.

The second point is, that parol evidence was inadmissible to show the object of the assignment. The rule invoked is that which precludes the introduction of verbal testimony to contradict or vary the terms of a written instrument. If this rule were applicable, it would be decisive of the case; but the principle upon which the evidence was admitted rests upon an exception as well established as the rule itself. The inquiry related to the consideration upon

which the assignment was made, and it was undoubtedly competent for the plaintiffs, notwithstanding the recitals upon the subject, to show what the consideration really was. The character of the transaction was a matter of legal conclusion from the facts elicited; and the effect of holding that the evidence was inadmissible, would be to enable the defendants to retain the benefits of the transaction relieved of its burdens. The principle involved is the same as that which permits the introduction of similar evidence to prove that a deed, absolute on its face, was intended as a mortgage; and the admissibility of such evidence is not an open question in this Court.

The third and only remaining point is, that the action cannot be maintained for want of privity. The case, according to the evidence, is that of a trust, and the money sued for was received by the defendants in the character of trustees. It was received to the use of the plaintiffs, and the law creates the privity necessary for its recovery.

Judgment affirmed.