Meadow Valley Mining Company *v.* Dodds.

MEADOW VALLEY MINING COMPANY *et al.*, Respond-ents, *v.* ELLIOTT DODDS *et als.*, Appellants.

Order Requiring Bond or Appointing Receiver not Appealable. The stat-ute (Practice Act, Sec. 330) does not allow an appeal from an order requiring a party to give a bond, nor from an order appointing a receiver.

Order Appealable only in Part. Where, upon a rule to show cause why an injunction should not issue, an order was made that defendants, in considera-tion of their retaining control of the premises in controversy, should give a bond to pay all damages that plaintiff might sustain ; that in default thereof, a receiver should be appointed ; and that defendants might make improvements, but not remove any improvements already made, nor commit waste: *Held*, that if the order was appealable at all, it was only in so far as it placed an in-junction upon defendants.

Relief on Appeal from Order Appealable only in Part. Where an order granting an injunction embraced a further order, entirely independent of the injunction, to the effect that one party should execute a bond for the protec-tion or security of the other : *Held*, on appeal therefrom, that the entertain-ment by the appellate Court of the portion of the order which was appealable would not warrant a review of the other portion which was not appealable.

Order Embracing Distinct and Independent Orders. Where an order em-braces matters really independent and distinct, the mere fact that they are so embraced or made at the same time and written on the same paper, does not make them one and the same order.

Assignment or Specifications of Errors on Appeal. Where on appeal from an order, appellant brought up a statement of the evidence heard and proceed-ings had, claiming that it exhibited various errors of the Court, and showed that plaintiff failed to make out a case, but without pointing out the particular errors or failure : *Held*, that as there was no assignment or specification of such alleged errors, they could not be reviewed by the appellate Court.

Sufficiency of Complaint for Injunction to stay Waste. Where a com-plaint alleged that plaintiff was the owner and entitled to the possession of lands, that there were improvements thereon, that defendants were in posses-sion and threatened to destroy and would if not enjoined destroy such im-provements, and that defendants were insolvent and unable to respond in damages: *Held*, sufficient to support an order enjoining defendants from re-moving the improvments or committing waste.

Intendments in favor of Complaint after Judgment. After a verdict or de-cision in a District Court upon issue joined, the complaint will be supported by every legal intendment, if there be nothing material in the record to pre-vent it.

Intendments in favor of Complaint after Order based upon it. The rule that carries every legal intendment in favor of a complaint in case there has been a judgment thereon after issue joined, equally applies in case of an order, such as an injunction, made upon it after a full hearing.

APPEAL from the District Court of the Ninth Judicial District, Lincoln County.

This was an action by the Meadow Valley Mining Company, John H. Ely and W. H. Raymond, against Elliott Dodds, William Dodds, Frank Dodds, Thomas Dodds and other parties unknown, to recover restitution of the "Floral Spring Ranch" in Highland District, Lincoln County, and damages for the loss of the rents and profits thereof; and also for an injunction to restrain defendants from further interfering with or taking away the valuable waters of the springs upon said ranch, and from destroying the improvements thereon.

The statement on appeal was a narrative of the proceedings before the Judge below upon the order to show cause why an injunction should not issue. It set forth that documentary evidence and oral testimony were introduced, giving the documents in full and the testimony in substance; and also setting forth the various objections made, the rulings of the Court, and the exceptions of appellants; but not pointing out particularly what would be relied on as error.

*Ellis & King*, for Appellants.

*H. I. Thornton* and *Wm. W. Bishop*, for Respondents.

By the Court, LEWIS, C. J. :

This appeal is from the following order made by the Court below before trial, upon a rule to show cause why an injunction should not issue against the appellants : " It is ordered and adjudged that the defendants give to the plaintiff a good and sufficient bond in the sum of five thousand dollars gold coin, to be approved by the Court, conditioned that said defendants shall, in consideration of retaining possession and control of the premises and water in the complaint described, during the pendency of this action, pay the plaintiff such sum of money for their damages and costs as it may sustain by reason of the acts of defendants, should the plaintiff finally recover in this action. It is further ordered that in case said bond shall not be filed with the clerk of this Court on the fifth day of November, A. D. 1870, at one o'clock P. M., that then a receiver will be ap-

pointed by the Court to take charge of the property in dispute and sell the water at the same. It is also ordered that the defendants may, during the time before this cause shall come on for trial, make such improvements upon said property as they desire to make, but they shall not remove any improvements therefrom or commit any waste thereon."

The first question naturally suggesting itself upon this appeal is whether this rather unusual order is one of those from which an appeal is allowed. Section three hundred and thirty of the Code of Procedure designates all the decisions or orders from which an appeal may be taken : First, it is allowed from " a final judgment in an action or special proceeding commenced in the Court in which the judgment is rendered ; second, from a judgment rendered on an appeal from an inferior Court; third, from an order granting or refusing a new trial, from an order granting or dissolving an injunction, and from any special order made after final judgment ; fourth, from an interlocutory judgment or order in cases of partition which determines the rights of the several parties, and directs partition, sale, or division to be made.

It is apparent at a glance that this order is not embraced in this section, unless the latter portion of it, whereby the defendants are prohibited from removing improvements and committing waste can be called an injunction. Possibly it may be so ; at least we will so consider it for the purposes of this appeal. It must be borne in mind, however, that 'nothing in the order quoted can be reviewed on this appeal, except that portion which may be designated an injunction. As the statute does not allow an appeal from an order requiring a party litigant to give a bond as is done here, nor an order appointing a receiver, it is evident that it was not intended to permit a review of the action of the lower Court in matters of that kind, except upon an appeal from the final judgment. If an order granting an injunction also embrace, as in this case, a further order or requirement entirely independent of the injunction, that a party execute a bond for the protection or security of the other, we do not see that an appeal from that portion of the order which is appealable will warrant a review of another portion which is not, and which, although embraced in the same order, is really independent

and distinct in itself.  That they were made at the same time or
written on the same paper does not make them one and the same
order.  That may be, and still the orders be as distinct and inde-
pendent as if made at different times and reflecting different sub-
jects.

It must be determined from the body and subject matter of the
mandate of the Court whether it embraced more than one order.
The order requiring the defendant to give a bond in the sum of
five thousand dollars, as security to the plaintiff in case it recover
judgment, is in no way dependent upon or connected with the in-
junction placed upon the defendants in the conclusion of the order,
and it is only by treating that as an injunction order that this case
can be held to be before this Court at all.

The appellant brings up a statement of evidence and the pro-
ceedings had at the hearing upon the order to show cause, claiming
that it exhibits many errors committed by the Court below, and
also that it shows that plaintiff failed to make out a case on the
merits entitling him to relief.    None of these points, however, can
be reviewed here, for the reason that the statement, if it may be so
called, contains no assignment or specification of the errors to be
ruled on.    (See *Corbett* v. *Job*, 5 Nev. 201; Practice Act, Sec.
332.)

It only remains to be determined, then, whether the complaint
warrants or will support an order enjoining the defendants from re-
moving improvements or committing waste on the premises in dis-
pute pending the trial.    That pleading is perhaps not entirely for-
mal or complete, but it seems to contain sufficient to sustain the
order.    We may conclude from it that there are improvements of
some kind on the demanded premises; that the defendants are in
possession; that they threaten to destroy, and will if not enjoined
destroy such improvements, and that they are insolvent and unable
to respond in damages.    Taken entire, we are inclined to think the
complaint sufficient, if not on demurrer, at least after joinder of issue,
the introduction of evidence and granting of the order, for the same
rule whereby the sufficiency of a pleading is tested after judgment
equally applies after an order of this kind made upon a full hearing.
That rule, it will be remembered, is that after verdict or decision in

an action, when issue is joined, the Courts will support the pleading by every legal intendment, if there be nothing material in the record to prevent it.

It follows that the injunction must be affirmed.   It is so ordered.

GARBER, J., did not participate in the foregoing decision.