[No. 2,944.]

M. P. McCOURTNEY AND J. H. McCOURTNEY v. H. W. FORTUNE, J. W. COLEMAN, AND EDWARD BROWN.

TIME TO APPEAL FROM JUDGMENT RUNS FROM ITS RENDITION.—Where a judgment for defendant, rendered (though not entered) on December 17th, 1869, was afterwards, on December 29th, 1869, vacated on motion of plaintiff, and a judgment rendered (though not entered) for plaintiff, and defendants' motion to set aside the last judgment was denied on July 9th, 1870, and judgment for plaintiff entered on July 12th, 1870, and defendant appealed from the judgment on March 27th, 1871: *held*, that the appeal, not having been taken within a year from the rendition of the judgment, was too late, and that, on motion, is should be dismissed.

APPEAL FROM SECOND JUDGMENT DOES NOT CARRY ORDER VACATING FORMER JUDGMENT.—Where a judgment was rendered for defendant, and afterwards, on motion of plaintiff, such judgment was ordered to be vacated and set aside, and judgment rendered for plaintiff: *held*, that alleged error in the order could not be reviewed on an appeal from the judgment for plaintiff—such order being a special order, made after final judgment and itself appealable.

APPEALABLE ORDER CANNOT BE REVIEWED ON APPEAL FROM JUDGMENT.
Upon an appeal from final judgment, an order, which is itself made by
statute the subject of a distinct appeal, cannot be reviewed.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

This was an action of ejectment for a lot in the City and County of San Francisco. On December 17th, 1869, findings were filed and judgment ordered to be entered in favor of defendant Coleman. A few days afterwards, plaintiffs moved on the same findings for judgment the other way; and on December 29th, 1869, the former judgment was vacated and judgment for plaintiffs rendered. On July 9th, 1870, defendants' motion to vacate the latter judgment was vacated, and on July twelfth judgment for plaintiffs entered. The defendant Coleman appealed, and his appeal purports to be "from the judgment made and rendered against him on July 9th, 1870, and recorded July 12th, 1870."

*Z. Montgomery*, for Respondents.

The appeal in this case should be dismissed, for the reason that more than twelve months had elapsed between the making and entering of the order for judgment and the taking of this appeal. (See *Genela* v. *Relyea*, 32 Cal. 159; *Casement* v. *Ringold*, 28 Cal. 337; *Gray* v. *Palmer*, 28 Cal. 416; *Peck* v. *Curtis*, 31 Cal. 207.)

The order for judgment was made and entered on December 29th, 1869. The notice of appeal was dated March 29th, 1871.

*B. S. Brooks* and *William M. Pierson*, for Appellant.

The only ground for dismissing an appeal, under the statute, is the failure of the appellant to furnish the necessary papers. (Practice Act, Sec. 346.)

The right to have a cause heard in the Supreme Court is

like the right to have the same cause heard in the District Court, constitutional, and cannot be taken away by a rule of Court, but only by the law.

The motion to dismiss an appeal is based upon an objection to any hearing of it. If the Court have to look into the transcript, then the case will come on in its regular order, and if the objection is well taken it will prevail, and the judgment will be affirmed. (*Ricketson* v. *Compton*, 23 Cal. 636; *Day* v. *Walton*, 2 Hill, 403; *Rogers* v. *Hisack*, 5 Hill, 521; *Beecher* v. *Conrad*, 11 How. Pr. 181.)

By the Court, Wallace, J.:

Findings were filed and judgment for the defendant *rendered* (though not recorded or entered in form by the Clerk) on the 17th day of December, 1869.

On the 29th day of December, 1869, upon motion of plaintiff, this judgment was vacated and set aside, and judgment was rendered for the plaintiff (but not recorded or entered in form by the Clerk).

On the 9th day of July, 1870, a motion made by the defendant to set aside the judgment rendered on the twenty-ninth of December, coming on to be heard, was denied, and on July 12th, 1870, under the direction of the Court then given, judgment in favor of the plaintiff was formally recorded and entered against the defendant; and on March 27th, 1871, this appeal was taken from that judgment.

This judgment, as entered, was in pursuance of the order of December 29th, 1869; it recites that " on motion of plaintiff's attorney, made in open Court, which motion was based upon the findings of the Court, now on file herein, and upon the order of this Court duly made and entered on the 29th day of December, 1869, it is now ordered, adjudged," etc. It was therefore but the entry in form of the judgment rendered on the 29th day of December, 1869, and was in effect

only a special direction to the Clerk to record in form the judgment which by the effect and operation of the order of December twenty-ninth he should have theretofore recorded in form.

The time limited for an appeal from the judgment, thus commenced to run from the 29th day of December, 1869, when the judgment was *rendered.* The appeal taken March 27th, 1871, was, therefore, too late, and the respondent's motion to dismiss it must, for that reason, be sustained.

But even if an appeal had been taken from the judgment within one year from the *rendition* (*i. e.,* the order of December 29th, 1869), the supposed error of the order of that date could not have been reviewed upon such an appeal, for that order was one entered in the cause after the rendition of the judgment of December 17th, 1869, which it purported to set aside, and was itself, as being a special order made after final judgment, the subject of a distinct appeal (Practice Act, Sec. 347), to be taken in sixty days after the making of the order. Upon an appeal from a final judgment an order made in the cause which is itself, by statute, made the subject of a distinct appeal, cannot be reviewed.

The appeal must be dismissed; and it is so ordered.

Mr. Justice TEMPLE did not participate in the foregoing decision.