[No. 3,061.]

JAMES REGAN v. OWEN McMAHON, THEODORA HIGUERA DE SANCHEZ, Widow of Francisco Sanchez, Deceased, AND THIRTY OTHERS.

Appeal from Interlocutory Decree in Partition.—An appeal from a preliminary decree in partition must be taken within sixty days from the entry of the decree in the minutes of the Court.

Errors of Preliminary Decree not to be Reviewed on Appeal from Final Decree.—Supposed errors in the preliminary decree in partition cannot be reviewed through an appeal taken from the final decree.

Motion for New Trial in Partition.—A motion for a new trial may be resorted to for the purpose of correcting the errors in a preliminary degree of partition; but it must be made within the proper time.

CAL. REPS. XLIII—79

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion.

[This case was before the Supreme Court at the July Term, 1871, upon an appeal by defendant Sharp. See 41 Cal. 679.]

*E. A. Lawrence*, for Appellant.

*Hoge & Harmon*, for Respondents.

By the Court, WALLACE, C. J.:

This action was brought to obtain partition of the Rancho San Pedro.

The parties having appeared in the Court below, such proceedings were had that on the 27th day of December, 1869, a decree was entered determining their several rights and directing a partition to be made. Referees having been appointed to make partition accordingly, and their report in that behalf being confirmed, it was afterward, and on the 16th day of December, 1870, decreed that the partition by them made and reported to the Court be held valid and effectual forever. It appears that on the 14th day of December, 1870, a statement on motion for a new trial was filed by some of the parties who are the appellants here, and the statement having been settled, the motion for a new trial was denied on the 3d day of April, 1871, and on the second day of June following this appeal was taken from the decree of 1869, that of 1870, and from the order denying the new trial.

First—The statute (1864, p. 223,) provides for a direct appeal from such a decree as that of 1869, in partition cases. Another statute, however, limits the time within which an appeal may be taken to the period of sixty days from the entry of the decree in the minutes of the Court. (Practice

Act, Sec. 336, Subd. 3.)    The appeal in this case taken from the decree of 1869, not having been taken within the prescribed time, cannot be entertained.

Second—Nor can the supposed errors of the decree of 1869 be reviewed through the appeal taken from that of 1870.    The former decree, being in itself a distinct subject of appeal, is taken out of the category of orders examinable upon appeal from the final judgment.    In *McCourtney* v. *Fortune*, 42 Cal. 387, we used this language: "Upon appeal from a final judgment, an order made in the cause which is itself by the statute made the subject of a distinct appeal, cannot be reviewed."

Third—The motion for a new trial was correctly denied. We have no doubt that such a motion, if made within proper time, may be resorted to for the purpose of correcting the errors in a preliminary decree of partition.    The statute authorizing an appeal from such a decree, it is true, does not expressly provide for such a motion, neither does it expressly provide for a statement on appeal, but it was unhesitatingly assumed here, and we think correctly assumed, in *Gates* v. *Salmon*, 28 Cal. 320, that the appellant might upon an appeal in such case, annex to the record a statement on appeal.    It might, and generally would be difficult, if not impossible, for him to present the errors complained of, unless he were permitted to resort to such a statement or to a bill of exceptions, which might under some circumstances perform the office of a statement on appeal.    We think, upon the same reasoning, that he should be allowed to move for a new trial—it would often be impossible to effectually pursue the appeal which the statute (1864, p. 323,) has allowed in such cases as this, except by a resort to a motion in the Court below for a new trial—supported in the usual way.    Accident or surprise may have occurred, irregularity intervened, or material evidence been newly discovered.    The purpose of the statute was to place the interlocutory decree beyond

attack or question, after the lapse of sixty days from its entry, if no step had been taken in the meantime to assail it; its aim was to save to parties in partition suits the costs, often so ruinous, of a repartition necessitated by reason of some error of the preliminary decree, ascertained only after partition actually had. That a party would have the right to move for a new trial at some stage of the cause will not be controverted; that the proceedings of the Court had anterior to and resulting in the interlocutory decree, by which the respective interests of the parties are to be judicially ascertained, are, at some point of time, examinable through a motion for a new trial, is undeniable. If, after partition actually had and confirmed by final decree, such a motion may still be availed of to agitate questions lying behind, and having their determination in the interlocutory decree, then the sole purpose of the statute is seen to be defeated, and the particular mischief against which it was directed still remains. But the motion for a new trial made in this instance was clearly too late, and the right to make it was waived by the neglect of the parties.

The appeal taken from the decree of 1869 must be dismissed, and the decree of 1870 and the order denying a new trial must be affirmed, and it is so ordered.

Mr. Justice NILES did not express an opinion.