[No. 3,405.]

TORMEY ET AL. *v.* ALLEN ET AL.

PARTITION—PRACTICE AS TO NEW TRIALS.—An action for a partition of real estate is as completely within the operation of the Practice Act as any other civil action for the conduct of which rules of procedure are therein prescribed. Sections one hundred and ninety-three and one hundred and ninety-five of that Act apply to a motion for a new trial in proceedings on partition.

IDEM.—If there is error in an interlocutory decree in partition, it must be corrected by motion for a new trial or by an appeal.

APPEAL from the District Court of the Fifteenth Judicial District, County of Contra Costa.

The Rancho El Pinole, containing about four leagues of land in Contra Costa County, was partitioned among the eleven heirs of the grantee, Martinez, in accordance with a decree of the District Court, made May 2d, 1870. July 1st, 1870, Simon Blum and Isaac Levy, two of the plaintiffs, filed a supplemental bill of complaint, claiming an undivided interest of four hundred and ninety acres of the two thousand and forty acres set apart to Dolores Martinez de

Higuera, one of the heirs, alleging that the defendants claimed to own the remainder of such portion in common with the plaintiffs, and asking that the interests of the parties be ascertained and declared. The several defendants were represented by different attorneys. In order to facilitate the proceedings, a meeting, at which it was supposed the attorneys of all the parties were present, was held before the Judge of the Court, and an interlocutory decree partitioning the land was agreed upon. The decree was filed as the decree of the Court, December 1st, 1870; and the report of the referees appointed by it was filed on the 20th of January following. The final decree was signed and filed July 18th, 1871. On the same day L. M. Brown, attorney for the defendants Dolores and Pedro Higuera, informed the Court that all the proceedings, after the filing of the answer for his clients, had transpired without his consent or knowledge, and obtained a delay of the entry of the final decree, and had leave to move that the interlocutory decree be set aside. On the 8th of April, 1872, the motion was granted, on the ground that the decree had been prepared and made through mistake, it having been erroneously supposed that all the parties had been represented when the decree was considered, and had agreed to it. The plaintiffs appealed.

*Thomas A. Brown*, for Appellants, argued that the motion to set aside the decree should not have been entertained, because not made within five months after the interlocutory judgment was made, nor until after the adjournment of the term, and cited *Morrison* v. *Dapman*, 3 Cal. 255; *Suydam* v. *Pitcher*, 4 Cal. 280; and *Casement* v. *Ringgold*, 28 Cal. 339.

*L. M. Brown, A. Campbell*, and *H. Mills*, for Respondents.

A Court of record has a general inherent power to correct the mistakes and supply the defects of its officers (4 M. &

S. 94) at any time.    (8 Abb. 177; 16 How. Pr. 371; 17 Abb. 66.)

*S. F. Reynolds* and *B. S. Brooks*, for Appellants, in reply.

By the COURT:

The order of the Court below in this cause cannot be supported in point of practice.  We held in *Regan* v. *Mc-Mahon*, 43 Cal. 625, that the practice prescribed in the Practice Act, as to the granting of new trials in civil actions, was applicable to the review of decrees rendered in proceedings on partition.  Section one hundred and ninety-three defines the grounds upon which, and section one hundred and ninety-five the procedure by which, such motions may be made and determined, and there is hardly a conceivable case in which, under the provisions of the Act, relief may not be had, if irregularity, accident, or surprise, or any other misfortune by which the substantial rights of the parties, or any of them, have been sacrificed, have intervened.  An action for a partition is as completely within the operation of the Act as any other civil action for the conduct of which rules of procedure are therein prescribed.

Order reversed, and cause remanded.