# MAITIA *v.* ALLIED L. & L. S. CO.

## No. 2734

September 8, 1926.                      248 P. 893.

1. RECEIVERS.
   Court had jurisdiction to appoint a receiver where it had right to decide the case.

2. COURTS.
   Point once determined by supreme court should not be unsettled, except for very weighty and conclusive reasons.

3. APPEAL AND ERROR.
   Propriety of order of appointment of a receiver will not be reviewed on appeal from final judgment, and can only be reviewed on appeal from the order itself, pursuant to civil practice act, sec. 387, as amended by Stats. 1913, c. 91, notwithstanding Rev. Laws, sec. 5340, providing that, on an appeal from a judgment, the court may review an intermediate order, and notwithstanding Stats. 1923, c. 97, sec. 1, concerning bills of exceptions.

4. APPEAL AND ERROR.
   Jurisdictional requirement that propriety of appointment of receiver must be raised by appeal from order of appointment cannot be waived.

5. WORK AND LABOR.
   Complaint that stated labor and services were performed by plaintiff for defendant *held* to plead a quantum meruit, notwithstanding absence of allegation concerning reasonable worth, since allegation that labor and services were performed at defendant's special instance and request negatived voluntary performance.

6. WORK AND LABOR.
   Where agreed price is shown in action for labor and services on quantum meruit, that becomes their reasonable value.

7. WITNESSES.
   Testimony concerning circumstances under which plaintiff signed assignment for benefit of creditors *held*. not inadmissible, under Rev. Laws sec. 5419, providing that no person shall be allowed to testify when other party to transaction is dead, notwithstanding trustee, who had been a party to transaction, was dead, since testimony had no particular reference to such trustee.

8. WITNESSES—ONLY DEATH OF SOLE PARTY TO TRANSACTION, OR DEATH OF ALL, IF MORE THAN ONE, EXCLUDES OTHER PARTY FROM TESTIFYING TO IT.
   Under Rev. Laws, sec. 5419, providing that no person shall be allowed to testify when other party to transaction is dead, it was intended that only the death of a sole party to a transaction, or, where there is more than one, the death of all, should operate to exclude the other party from testifying to it.

9. APPEAL AND ERROR.
   Assignment of admission of testimony as error on certain ground will not be considered on appeal, where no objection was made on that ground.

10. WITNESSES.

Where, in action for work and services, defendant answered that plaintiff had agreed to an assignment for creditors and released his claim, and plaintiff denied such allegation, testimony of another creditor that he had signed on same sheet as plaintiff, and that there was only one sheet, *held* admissible to sustain plaintiff as to manner signature was obtained.

11. WITNESSES.

Testimony that witness had sent letter to deceased, that letter was never returned, and that he had never received an answer thereto, *held* not incompetent, under Rev. Laws, sec. 5419, as relating to a transaction with a deceased person.

12. EVIDENCE.

Where, on issue whether plaintiff had agreed to assignment for creditors as a release from his claim, in action against corporation, plaintiff testified that he had signed only a leaf of paper, that president of corporation, though present at transaction, did not testify, could be weighed in determining whether signature was obtained as plaintiff claimed.

13. WORK AND LABOR.

Where, in action for work and services, an agreement by plaintiff to an assignment for benefit of creditors and unconditional release of debtor was set up in answer and denied in the reply, evidence as to this issue was material, notwithstanding it may have tended to show fraud.

14. PLEADING.

That complaint, in action against corporation for work and services, alleged plaintiff had filed his claim with corporation's assignee for benefit of creditors, *held* not to estop him from showing that he had not agreed to the assignment, and whether he agreed was matter of proof.

15. CORPORATIONS.

In action for work and services against corporation, finding that assignment for benefit of creditors had been agreed to by certain creditors and direction that receiver appointed on motion of plaintiff carry out its terms *held* not inconsistent with finding that plaintiff never agreed to the assignment.

See (1) 34 Cyc. p. 38, n. 10; (2) 15 C. J. sec. 306, p. 919, n. 1; (3, 4, 9) 3 C. J. sec. 127, p. 369, n. 30; p. 371, n. 44; sec. 733, p. 819, n. 26; 4 C. J. sec. 2582, p. 683, n. 11 (new); (5, 6, 13) 40 Cyc. p. 2839, n. 7; p. 2843, n. 58; p. 2853, n. 44; (7, 8, 10, 11) 40 Cyc. p. 2262, n. 53, 54; p. 2301, n. 14 (new); p. 2326, n. 36 (new); p. 2330, n. 70; p. 2785, n. 20, 21; (12) 22 C. J. sec. 56, p. 115, n. 85, 86; p. 116, n. 90, 92; (14) 31 Cyc. p. 87, n. 64; (15) 14a C. J. sec. 2987, p. 860, n. 28 (new).

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Beltrand Maitia against the Allied Land

& Live Stock Company and another. From a judgment for plaintiff, and an order denying the motion for a new trial, defendants appeal. **Affirmed.**

*Cooke & Stoddard,* for Appellants:

There is no such thing in this state as action for mere appointment of receiver; when made, appointment is ancillary to pending action brought by some one authorized to commence it; no private person, stranger, or stockholder can maintain action to dissolve corporation or seize its property. Rev. Laws, 5193; French Bank Case, 53 Cal. 495; State ex rel. Nenzel v. Court, 49 Nev. 145.

Dissolution of corporation cannot be had without' due notice. Rev. Laws, 5142. As directors were not made parties to action to appoint receiver and suspend operations, whole proceeding is void. Golden v. District Court, 31 Nev. 250. Power to wind up corporation belongs to state, not individual suitor. Union etc. Co. v. Court, 140 P. 221. Holders of at least 10% of stock are necessary. Stats. 1923, 20.

Order commanding Fairchild and Allied Company to deliver moneys, etc. to receiver was ex parte, mandatory, injunctive, restraining order, and was void for lack of undertaking. Rev. Laws, 5140. That it was called something else is immaterial. Meadow Valley M. Co. v. Dodds, 6 Nev. 261.

Plaintiff had no cause of action. As alleged creditor, he accepted provisions of trust deed. He is estopped from denying validity of assignment. Kendall v. McClure Coke Co., 37 Atl. 823. He cannot attack it or pursue remedies against others. 5 C. J. 1295. He waived all objections to its regularity or assignee's title. 3 Cal. Jur. 331, n. 16.

Under voluntary or contract assignment all title and estate of assignor vests in assignee. Court never was in possession of estate. Rights are to be determined under general contract rules. 5 C. J. 1038; 2 R. C. L. 644; Winder v. McDonald, 59 N. E. 106; 3 Cal. Jur. 317.

After assignment, company had nothing for which receiver could be appointed. On assignee's death, property passed to his representative. Where else could it go? Executor was compelled to accept duties. Schenck v. Schenck, 16 N. J. Eq. 174.

There was no occasion for appointment of receiver, since property passed to his representative for accounting and delivery to new trustee selected by trustors. 1 Perry, Trusts (5th ed.), sec. 264, 344; 26 R. C. L. 1340.

Appointments of receivers ex parte are usually void. Maynard v. Railey, 2 Nev. 313; 2 Tardy's Smith, Receivers (2d ed.), 1964.

Death of party stays proceedings until representative is brought in. Rev. Laws, 5004–5008.

Even if death of trustee gave court power to appoint successor, still appointment of receiver is void because receiver is not successor of trustee. Proceedings were not to continue, but to wind up trust, and all parties to trust agreement were indispensable. Of forty such parties, only two applied. Garden City Co. v. Geilfuss, 57 N. W. 349. Case made solely for receivership is no case at all. Nenzel case, supra.

Court erred in allowing testimony concerning transactions with deceased trustee. No one shall testify when other party to transaction is dead. Rev. Laws, 5419; Onesti v. Samoville, 48 Nev. 441.

By filing claims with trustee, plaintiff consented to deed and assignment. Final decree ordering receiver to carry out deed established deed as valid ab initio. 5 C. J. 1295, 1926.

Deed conveying "all property" belonging to person sufficiently describes any portion proved to so belong to him. Pettigrew v. Dobbelaar, 63 Cal. 396.

*A. Grant Miller,* for Respondent:

None of counsel's authorities deals with well recognized exceptions to alleged general rule that simple contract creditor cannot apply for appointment of receiver. Court may appoint receiver to succeed deceased assignee. Application need not be made by

creditor whose claim has been reduced to judgment. Receiver may be appointed for corporation which has made assignment or is insolvent, or where property is being wasted. 3 Cal. Jur. 326; 23 R. C. L. 16; Mellen v. Moline Iron Works, 131 U. S. 352; Lockwood v. Canfield, 20 Cal. 126; Summit Silk Co. v. Kinston Spinning Co., 70 S. E. 820.

Order appointing receiver was not in any sense injunction or restraining order. It ordered doing certain acts, not refraining from doing anything. Rev. Laws, 5136; San Diego W. Co. v. S. S. Co., 35 P. 651. Order in Meadow V. M. Co. v. Dodds, 6 Nev. 261, cited by counsel appointed receiver and ordered defendant not to do certain acts. Brinton v. Steele, 112 P. 319.

Death of original assignee did not affect validity or existence of trust. Trust remains whether there is trustee or not. 5 C. J. 1141, 1203, 1207.

On death of assignee his rights in property did not pass to his administrator. Appellants' authorities deal only with trusts generally or for specific purposes, not with assignments for benefit of creditors. The many distinguishing features are recognized by all text writers. 5 C. J. 1038, 1040. Common law rule does not apply. Stoll v. Tarr, 132 S. W. 904. Term trustee does not apply in so broad a sense as to include assignees of insolvents. McNeill v. Hagerty, 37 N. E. 526.

Right to appoint successor of assignee for benefit of creditors is sometimes reserved in assignment itself, to creditors. As a rule, it is delegated to court by statute. In absence of statute, vacancy may be filled by court of equity. 5 C. J. 1202, 1207. Such trust is personal and does not descend to representative. Woessner v. Crank, 3 S. W. 218; Steinhauser v. Mason, 32 N. E. 69. Court had power to appoint successor (5 C. J. 1141, 1207; Batesville Institute v. Kaufman, 18 Wall. 151) although no statute expressly authorized it. Leon v. Walborne, 58 Tex. 157.

Appointment was not void because made upon ex parte application. Rev. Laws, 5193; Maynard v. Railey, 2 Nev. 313.

Court may appoint receiver on ex parte application when proper showing is made. Rev. Laws, 5193; Maynard v. Railey, 2 Nev. 313. Want of notice was waived by parties appearing. Iroquois Furnace Co. v. Kimbark, 85 Ill. App. 399; Ripy v. Lumber Co., 106 S. E. 407; Elwood v. Bank, 21 P. 673.

Complaint does not show plaintiff had accepted provisions of instrument appellant's counsel delight to call trust deed, and court so found. "Trust deed" conveyed nothing and at most was merely appointment of Fairchild as trustee, but it vested no title to real or personal property in him. If it was intended to do so, such intention was never carried out, and whole fabric of appellants' argument falls.

*Wm. McKnight,* for Receiver:

Error in appointment of receiver or in refusal to vacate it could have been raised only by direct appeal, and cannot be reviewed on appeal from final judgment. State v. Second Judicial District Court, 48 Nev. 198; State v. Court, 49 Nev. 145.

When obiter dictum in Meadow Valley case, 6 Nev. 261, was written, old practice did not provide for direct appeal from order appointing receiver, but provision is now made therefor. Rev. Laws, 5329.

Appeal must be taken within sixty days. Kingsbury v. Copren, 47 Nev. 466. Appellants did not take any appeal whatever from order. Their appeal is from judgment and order denying motion for new trial. How can this court consider, then, any alleged errors relative to appointment of receiver? Jones v. Oil Co., 84 P. 1122; 23 R. C. L. 45; Tourny v. Bryan, 226 P. 21.

There is no merit in contention that because order was made ex parte, appellants could not appeal from it. Rumney v. Donovan, 72 P. 305.

## OPINION

By the Court, DUCKER, J.:

This is an action originally instituted by plaintiff against the defendant, a corporation, and one M. D.

Fairchild. Thereafter Fairchild died, and on application of the defendant corporation John D. Cameron, administrator with the will annexed of his estate, was substituted as a party defendant. Two causes of action against the defendant corporation are set forth in the complaint, the first for labor and services, and the second on two promissory notes of the corporation. In addition, it is alleged in the complaint that ever since October, 1922, Fairchild has been and now is in possession of the assets of the defendant corporation in an amount of more than $28,000 in cash, and that there have been no legal proceedings in court establishing Fairchild's right to the possession of said money.

It is alleged that plaintiff filed his claim as set forth in said causes of action with Fairchild, but that the latter has paid no money whatever thereon. On information and belief it is alleged that Fairchild claims the right to the possession of said assets and money upon the ground that he was appointed by certain officers of the corporation as trustee therefor. It is alleged that plaintiff never gave his consent to any such appointment and has been unable to discover any facts concerning the business or transactions of Fairchild under such alleged trust, and that a discovery of the facts of such business and transactions is necessary in order that plaintiff may recover the money due plaintiff for his labor and services. It is alleged that the corporation is indebted to other persons in various amounts. Those known to plaintiff are named, the amounts owing to each designated. It is alleged that the corporation owes other large sums to the persons unknown to the plaintiff. It is alleged that the assets of the corporation have been wasted, scattered and mismanaged in the following manner, to wit, that certain personal property has not been accounted for, nor taken into the possession of Fairchild; that about 2,000 head of sheep have been turned over to one Sugaty as unto a preferred creditor, whereas in fact said Sugaty is not a preferred creditor; that $900 of the corporation's money was paid out as damages on account of the accidental killing of a girl by the president of the corporation; that Fairchild has not

taken all of the property of the corporation into his possession; that he turned over all of its real estate to certain creditors without any legal adjudication thereof and therefor; that certain personal property is in possession of the president of the corporation. It is alleged that plaintiff is not a party to the appointment of Fairchild; that the latter is not under bond as such trustee, and has not taken all of the property of the corporation into his possession. It is alleged that the 2,000 head of sheep turned over to Sugaty should be subject to the payment of the plaintiff and other creditors, and that said sheep are worth approximately $10,000.

In this connection it is alleged that the turning over of said sheep to Sugaty was a fraud against plaintiff and other creditors, and that unless the court appoint a receiver to take charge of the assets of the corporation, said sheep and the value thereof will be totally lost to the company and to the creditors thereof. It is alleged that the corporation has gone out of business, and is insolvent, cannot pay its debts, owes more than its assets, and that, unless the court appoint a receiver to take possession of and conserve the assets of the corporation, its affairs cannot be legally and properly and economically wound up, and that plaintiff will suffer irreparable loss. A receiver is prayed for, and also an order that Fairchild make full, true, and complete account under oath of all the property of said corporation.

Upon motion of plaintiff and on the complaint and affidavits, a receiver for the corporation was appointed. Thereafter the defendant corporation demurred to the complaint and moved to vacate the order appointing a receiver. The demurrer was overruled and the motion to vacate the order denied with leave to renew the motion. A subsequent motion was denied. The demurrer to the complaint of defendant Cameron was also overruled, and his motion to modify the order appointing a receiver denied. The defendants filed separate answers to the complaint in which, inter alia, the indebtedness alleged therein in both causes of action is denied.

The indebtedness alleged as to other persons is also denied. The allegation in the complaint to the effect that plaintiff did not give his consent to the appointment of Fairchild and was not a party thereto is also denied.

For an affirmative defense for the defendant corporation it is alleged in substance as follows, to wit: That the corporation became heavily indebted to divers persons, and, being unable to pay its indebtedness or any considerable portion thereof, proposed to its creditors to convey and set over all of its assets to some suitable person as a trustee, first for the benefit of said creditors, and secondly for the benefit of the corporation in the event there was a residue of assets, after payment of expenses of the trust and all debts; that in consideration thereof said creditors were to accept the benefits and provisions of such trust of their several claims, and to unconditionally release the defendant corporation from any further liability in respect thereto; that pursuant thereto and on November 28, 1922, the defendant, by its president and secretary, thereunto duly authorized by its board of directors, executed in the corporate name and under the seal thereof a deed of trust to said Fairchild as trustee, and duly delivered said deed of trust to said Fairchild, who duly accepted said trust, and that thereupon all, or practically all of the creditors including the plaintiff herein, accepted the provisions of the said trust deed in writing by becoming a party and consenting thereto; that pursuant to and in consideration of said trust deed the defendant delivered over to said Fairchild as trustee all its assets, and he entered upon the duties of his said trust and took possession of said assets; that under the terms of said trust deed, as to all the creditors of the defendant consenting thereto, it is released from any liability, and has a valuable, vested, and substantial right in the subject matter of the continuance and execution of said trust. A copy of the trust deed alleged is made a part of the defense.

The same matter is alleged as an affirmative defense in the answer of the defendant Cameron. In connection therewith his appointment as administrator with the

will annexed is alleged. And it is further alleged in this regard that as such administrator he came into the possession of certain real estate formerly belonging to said corporation, some of which was situate in Nevada and some in California, all of the various books, papers, and documents pertaining to the property and business of said corporation, and $18,000 in money, which had been deposited by Fairchild in the Stockgrowers' & Ranchers' Bank of Reno in the name and to the credit of Fairchild, trustee, and so remained until after the time of the death of Fairchild, and that by the operation of law this defendant, as his administrator, is legally entitled to receive and hold possession of said moneys, property, and effects conveyed and assigned by said deed of trust to the end that said trust may be fully executed and discharged, pursuant to its terms and conditions; that upon his said appointment as administrator this defendant has undertaken to discharge the duties thereof, and to close the same by a collection and distribution of the property, or its proceeds pertaining to said trust, as their interests appear from said trust deed and in accordance with the provisions thereof. It is further alleged that, exclusive of plaintiff, there are about 24 additional persons claiming to be creditors of the defendant corporation, and who are parties to said trust deed and became bound thereby, and have a substantial property right and interest in the property pertaining to said trust estate which they have not waived or relinquished; and that, as by this action plaintiff is seeking to have set aside the said trust deed as null and void, a complete, or any, determination of such controversy cannot be made without the presence before the court of the parties to said trust deed and beneficially interested in the subject matter of the trust. This defendant prayed the court to require plaintiff to bring said former creditors of the defendant corporation before the court.

In plaintiff's reply to the answer of the defendant corporation he denies that it has a valuable, vested, or substantial right in the subject matter of the continuance of the alleged trust, and denies that the alleged

trust was ever agreed to by him, or that he ever agreed to release the defendant corporation from its indebtedness to him. He alleges in his reply that, if his signature is affixed to the alleged deed of trust, it was placed there by and through fraud and fraudulently; that he never saw the alleged deed of trust; that the defendant corporation never made any proposition to him to compose its debt to him; and that the alleged deed of trust is not his deed. Similar denials and allegations are made in his reply to the answer of defendant Cameron.

The case was tried before the court without a jury and submitted upon evidence introduced by plaintiff, the defendants having offered no evidence, except the instrument designated as an assignment for the benefit of creditors. From the judgment and order denying their motion for a new trial, defendants appealed. For convenience we will continue to refer to the parties as designated in the court below.

1, 2. The plaintiff is a mere contract creditor, and counsel insists that the lower court was without jurisdiction to appoint a receiver on the application of such a creditor, holding that only judgment creditors or creditors having some lien on the property of the debtor are entitled to such relief. They also urge that the appointment was unauthorized in several other respects. The question of the jurisdiction of the lower court to appoint the receiver was before the supreme court in State ex rel. Cameron v. Second Judicial District Court, 48 Nev. 198, 228 P. 617, and it was then held that the court had such jurisdiction. We are satisfied with the ruling in that case. A point once determined should not be unsettled except for very weighty and conclusive reasons. Evans v. Cook, 11 Nev. 69. It is contended, however, that the action of the court in appointing the receiver on the application of a contract creditor was, at the least, an error in law which, with the other errors claimed to have been made in making such appointment, should be considered on this appeal, and the judgment reversed even though the court had jurisdiction to make such appointment. Section 387 of the civil practice

act, as amended by Statutes of 1913 at page 113, reads in part:

"An appeal may be taken: (1) From a final judgment in an action or special proceeding commenced in the court in which the judgment is rendered, within six months after the rendition of the judgment. (2) From an order granting or refusing a new trial, or granting or refusing to grant, or dissolving or refusing to dissolve an injunction, or appointing or refusing to appoint a receiver, * * * within 60 days after the order is made and entered in the minutes of the court."

The order appointing the receiver in this case was made and entered in the minutes of the court on November 15, 1923, and no appeal was taken from it. We are therefore of the opinion that any errors of law the lower court may have made in appointing the receiver cannot be reviewed on this appeal from the judgment and order denying the motion for a new trial. In an early decision by this court, Meadows Valley M. Co. v. Dodds, 6 Nev. 261, it was said:

"As the statute does not allow an appeal from an order requiring a party litigant to give a bond as is done here, nor an order appointing a receiver, it is evident that it was not intended to permit a review of the action of the lower court in matters of that kind, except upon an appeal from the final judgment."

3. Since then the statute quoted, providing for an appeal from an order appointing a receiver, has been enacted, and it is clear that it was intended that matters concerning such an appointment could be reviewed only on appeal from such an order. This is the view quite generally taken when a statute provides for such direct appeal. As stated in 23 R. C. L. p. 45, sec. 45:

"There are numerous decisions to the effect that questions as to the propriety of the appointment of a receiver must be raised by appeal from the order, and cannot be reviewed on appeal from the final judgment."

In Jones v. North Pac. Fish & Oil Co., 42 Wash. 332, 84 P. 1122, 6 L. R. A. (N. S.) 940, 114 Am. St. Rep. 131, the court held that questions as to the propriety of the order appointing a receiver will not be reviewed on

appeal from the final judgment and can only be raised on appeal from the order itself.

In Merchants' Nat. Bank of Bismark v. Braithwaite, 7 N. D. 358, at page 369, 75 N. W. 244, 247, 66 Am. St. Rep. 653, 659, the court said:

"Moreover, the order appointing the receiver was not appealed from, and the point cannot be raised on an appeal from an order refusing to dismiss the proceedings and all orders thereunder. The proper time to present reasons why a receiver should not be appointed is when the application for his appointment is made. If the objection to such appointment is overruled, the defendant must review the decision by an appeal from the order appointing the receiver. If he suffers the time to appeal from such order to pass, he cannot thereafter raise the point."

That the order of the court appointing a receiver is reviewable only on appeal from the order of appointment was the view of the supreme court in State v. Union National Bank of Muncie, Indiana, et al., 145 Ind. 537, 44 N. E. 585, 57 Am. St. Rep. 209. In that case the lower court had appointed a receiver. The state of Indiana intervened and moved the court to set aside the order appointing the receiver and to dismiss the proceedings, which was denied, and a motion for a new trial overruled. An appeal was taken which the court allowed as being practically an appeal permitted by the statute from an order appointing a receiver, stating that to deny the right to appeal from that ruling of the court would be, in effect, to deny any appeal.

In California, from whence our practice act is borrowed, it was decided that upon appeal from a final judgment, an order made in a cause which is itself by the statute made the subject of a distinct appeal, cannot be reviewed. McCourtney v. Fortune, 42 Cal. 387; Regan v. McMahon, 43 Cal. 625. Later this rule was incorporated in the statute. Code Civ. Proc. sec. 956. This statutory rule was applied in a receivership proceeding in Tourny v. Bryan, 66 Cal. App. 426, 226 P. 21.

Authority for this court to consider errors involved

in the appointment of a receiver is claimed by reason of section 5340, Rev. Laws. The section reads:

"Upon an appeal from a judgment the court may review an intermediate order involving the merits and necessarily affecting the judgment which comes within the specifications of error and statement or is embraced in affidavits."

This statute is practically the same as the statute in California where the decisions in McCourtney v. Fortune and Regan v. McMahon, supra, were rendered. By these decisions it was settled that an order from which a direct appeal could be taken was not within the purview of the statute. Hayne on New Trial and Appeal, Rev. Ed. sec. 195.

Washington and North Dakota have practically the same statute, but it is settled by the decisions cited supra from those states that the statute does not apply to an order appointing a receiver, from which a direct appeal is given. As the statute gives a direct appeal from an order appointing a receiver we are satisfied that its effect is to take such an order out of the category of intermediate orders contemplated by section 5340.

It is urged that the order denying the motion to vacate the appointment of the receiver is an intermediate order, and that the questions presented by defendant as to errors in law in the appointment of a receiver and in refusing to vacate such appointment may therefore, by force of statute, be determined on an appeal from the final judgment. Our reply to this is that the statute having provided how such questions may be determined on appeal, and defendants having failed to avail themselves of this method, the subsequent order refusing to vacate the appointment could not affect the judgment.

4. We are referred to section 1 of the act of 1923 (Stats. 1923, c. 97) concerning bills of exceptions, which authorizes a party to serve and file a bill of exceptions

within stated times to the final judgment or any ruling, decision, order, or action of the court, which shall be settled and allowed by the judge or court, or by stipulation of the parties. It is argued, if an appeal is taken from the judgment and order denying a motion for a new trial, as was done in this case, the section contemplates that any of the matters mentioned in it shall be considered on appeal if embodied in the bill of exceptions. We do not think so. A proper appeal must be taken, and if the order is itself appealable the bill of exceptions must be taken in connection with the order appealed from. The fact that counsel for plaintiff stipulated that the bill of exceptions in this case, containing the matters urged against the validity of the order appointing a receiver, is true and correct, and contains the substance of the proceedings, and all of the material evidence relating to the points involved, does not help defendants. A jurisdictional requirement cannot be waived. Phillips v. Welch, 11 Nev. 187.

5, 6. It is insisted that the first cause of action is fatally defective because it attempts to plead a quantum meruit, and there is no allegation that the labor and services were reasonably worth $860, or any sum whatsoever. It was demurred to on this ground. While such an allegation would have made a better pleading, we think, because of the liberal practice observed under our code, its omission cannot be held fatal to the statement of the cause of action. The facts out of which the indebtedness arose, to wit, labor and services performed by plaintiff for defendant, are stated. That they were performed voluntarily on plaintiff's behalf is negatived by the allegation that they were performed at defendant's special instance and request. As the complaint shows that the labor and services were not performed gratuitously, the necessary legal intendment is that they were of a reasonable value. If the proof showed an agreed price, that would become their reasonable value. Burgess v. Helm, 24 Nev. 242, 51 P. 1025.

Defendants complain because the court did not make

the other creditors party to the suit. The court had jurisdiction to appoint the receiver, and having determined that such appointment was necessary under the circumstances of the case, the defendants, by failing to appeal from the order, as we hold, are foreclosed from questioning the validity of the appointment. The principal question left for the court to determine was as to the indebtedness, and whether or not the plaintiff was discharged therefrom. It is obvious that the other creditors were not necessary parties for the determination of these questions.

It would serve no useful purpose and unnecessarily prolong this opinion to discuss in detail all of the numerous assignments of error based on objections to and motions to strike the testimony. An examination of these reveals no error of a prejudicial nature. We will, however, discuss several of these which we deem of more importance.

The indebtedness alleged in the complaint was fully proved by evidence free from objection. In fact there is no evidence to the contrary. The document designated as an assignment for the benefit of creditors, signed by the president and secretary of the corporation and a number of its creditors, and which appeared to be signed by plaintiff as alleged in the answer, was introduced in evidence by the defendants during the presentation of plaintiff's case, and plaintiff undertook to prove that the sheet which contained his signature was not attached to it when he signed his name to it. In this regard he testified that Pete Etchecopar took him over to the Stockgrowers' Bank telling him that he had to sign his name to collect his money; that Mr. Fairchild and a clerk were in the bank when they got there, and that he signed just a leaf of paper; that it was presented to him by Mr. Fairchild; that he could not read English. The attention of the plaintiff was drawn to the top signature on the last page of the instrument designated "Assignment for the benefit of creditors," and he testified that it was his signature, and that the page was the leaf of paper he signed. The plaintiff further testified that no papers were read to him by

anybody at that time before he signed the leaf of paper. It is insisted that, as Fairchild was a party to the transaction and was dead when the foregoing testimony was given, it was objectionable because in violation of section 5419, Rev. Laws Nevada. The part of the section invoked reads:

"No person shall be allowed to testify: First, when the other party to the transaction is dead."

It appears that the objection was made on this ground only to the following question:

"Was there any paper read to you by anybody at that time before you signed the leaf of paper?"

To this the answer was given as stated above. There were others present besides Fairchild and the plaintiff, and the question had no particular reference to the former. However, assuming that it did, we do not think that the rule of the statute applies. According to the testimony, Etchecopar was just as much a party to the transaction as Fairchild and could have testified concerning it. It is a principle uniformly recognized that, when the reason of a rule ceases to exist, the rule does not apply. The reason of the rule was to prevent one party to a transaction from obtaining an unfair advantage because of the death of the other party. Roney. v. Buckland, 4 Nev. 45. But when there are two opposite parties and one is surviving and capable of testifying, no such undue advantage as contemplated by the statute could be obtained. It does not appear that Etchecopar was dead. He was president of the defendant corporation and had an interest in the transaction adverse to plaintiff, and, as we have previously stated, was one of the parties to the transaction. If the plaintiff testified falsely he could have contradicted him.

In Onesti v. Samoville, 48 Nev. 441, 233 P. 846, this court quoted from 40 Cyc. 2260, the rule of construction as to such statutes as ours as follows:

"But it is held that the terms of the exception will not be extended by judicial construction, nor will the testimony be excluded when the case is not clearly within the terms of the statute."

7, 8. We find that such statutes are generally

construed liberally in favor of competency. This is by reason of the fact that the statute as a whole is an enabling statute, restoring to competency generally parties to an action who were disqualified by the common law. In view of this rule we cannot say that the testimony is clearly within the prohibition of the rule for the reason that it had no particular reference to Fairchild. Moreover, keeping in sight the purpose of the exception to prohibit testimony which would militate against the equality of litigants, we are satisfied that it was intended by its terms that only the death of a sole party to a transaction, or where there is more than one the death of all, should operate to exclude the other party from testifying to it.

**9, 10.** Defendant also assigns as error on the same ground the admission of the testimony of one Cordova, who claimed to be a creditor of the corporation, who was permitted to testify that he signed his name on the same sheet as plaintiff, and that there was only one sheet. It is sufficient to say in regard to this that no objection was made to the testimony on this ground. The testimony was admissible as tending to sustain the allegations of plaintiff's replies as to the manner in which his signature was obtained to the assignment for the benefit of creditors.

**11.** It is contended that the testimony of A. Grant Miller, attorney for plaintiff, was also in violation of the statute. Miller testified in part as follows:

"I wrote a letter under date of May 16, 1923, of which I have in my hand a carbon copy, which I duly posted in the United States mail addressed to the addressee named in the letter in this carbon copy, and was signed by myself—my usual return card was upon the envelope. It was deposited in the post office and the letter was never returned to me through the post office, and we offer the carbon copy."

Defendants objected to the offer on several grounds, among which was the ground that it was within the rule of said section 5419. The court said:

"Did you ever receive an answer to the letter?

"Mr. Miller: I did not.

"Mr. Cooke: For the purpose of the record, I move to strike the answer to the question of the court.

"The Court: I will overrule the objection."

The motion to strike was also denied, and the copy of the letter was admitted in evidence. We do not think that the admission of the copy of the letter or the testimony of the witness concerning it in violation of the statute. It was not a transaction between the two as meant by it. The witness testified to his own act and knowledge, and to nothing said or done by Fairchild. If the latter had been alive, he could not have denied the testimony of the witness as to the sending of the letter. He might have denied receiving the letter, but the witness did not say he did. Neither could he have denied the testimony of the witness elicited by the question of the court in which he stated that he had received no answer to the letter. The evidence was offered in support of the allegation in plaintiff's complaint that he had been unable to discover any facts concerning the business or transactions of Fairchild under the alleged trust. Fairchild, if living, would have been unable to deny the effort made in this regard as testified to by the witness. The reason for exclusion underlying the statute is consequently not present here. Plaintiff could obtain no undue advantage from the testimony of the witness on account of Fairchild's death.

The reasoning of the court in Dillon v. Gray, 87 Kan. 129, 123 P. 878, and the test stated are applicable here. In that case the court held that the testimony as to the receipt of letters, which in the opinion of plaintiffs were in the handwriting of deceased, was not incompetent as relating to a transaction with a deceased person. On this point the court said:

"The plaintiffs testified to the receipt of the letters addressed to them in Alabama, postmarked in Kansas, and that in their opinion the letters were in the handwriting of Andrew Gray. This was competent. If he

had been living, he could not have testified that plaintiffs did not receive letters so postmarked, or that in their opinion the handwriting was not his. This is said to be one of the tests as to whether or not the matter is a transaction within the statute."

In Daniels, Executor, v. Foster and others, 26 Wis. 686, the court said:

"The question is, whether, after the death of the writer, it is competent for the party who receives a letter at a distant place to which it is addressed, to testify to such receipt. The deceased party could not, from the nature of the transaction, have made any directly contradictory statement. He was a party to the transaction, but not an immediate party, at least to that part of it concerning which the proof is offered. The fact to be proved is not one of which he had any positive knowledge, or which he could, if living, have positively denied. He could deny it indirectly or by inference only, by denying that he ever wrote the letter. But this would be testimony to another fact or point, as to which it is not proposed to examine the living party."

True, the statute in these states prohibited testimony as to transactions had personally with a deceased person, but the reasoning of the court in both instances is persuasive of the conclusion that a matter which works no hardship on a litigant is not a transaction within the spirit of the rule of exclusion.

Objection was taken on the same ground to other testimony of the witness touching his inquiries concerning the affairs of the defendant, but we find that it was not within the rule of the statute.

12. The judgment should be affirmed. As previously stated, the indebtedness sued upon was fully proved. The court found that the plaintiff never agreed to the assignment for the benefit of creditors set up in defendant's affirmative defense as a release from plaintiff's claims, and there is substantial evidence to support this finding. Plaintiff testified to the circumstances of his signing the leaf or paper, and of his lack of knowledge

concerning the assignment, and corroborative testimony was given by the witness Cordova. Etchecopar, the president of the defendant corporation, was present at this transaction but did not appear as a witness for the corporation. The fact that he did not testify concerning the transaction was a significant circumstance, and within the province of the trial court to weigh in determining whether plaintiff's signature to the assignment for the benefit of creditors was obtained in the manner as alleged and claimed by him.

13. It is insisted that the facts of the fraud claimed are not sufficiently pleaded in the reply to admit of proof, or support the finding. We think, however, that as the agreement of the plaintiff to the assignment was set up in the answer as an affirmative defense and denied in the reply, evidence as to this issue was material, notwithstanding it may have tended to show fraud.

14. It is urged that as the complaint alleged and the answer admitted that plaintiff had filed his claim set forth in the first cause of action with Fairchild, he is estopped to show that he had not agreed to the assignment for the benefit of creditors. This might be true if the complaint showed plaintiff had assented to the appointment of Fairchild as trustee, or had filed his claim with full knowledge of the facts concerning it, or had received any benefits from it. But none of these matters appear in the complaint. On the contrary, it is alleged that Fairchild paid plaintiff no money whatever on his claim; that he never gave his consent to such appointment, and had been unable to discover any facts regarding the business or transactions of said Fairchild under such alleged trust, and that a discovery of such business and transactions is necessary in order that plaintiff may recover the money so due plaintiff as aforesaid. Under these allegations, as well as under the averments of the reply that he never saw the alleged deed of trust and never agreed to release defendant from its indebtedness, the question of whether plaintiff either expressly or impliedly agreed to the transaction, is one of proof.

**15.** Lastly it is insisted that the findings are fatally inconsistent and contradictory, in that the court found that plaintiff never agreed to the assignment for the benefit of creditors, and also ordered that the receiver carry out the trust as stated in the contract of assignment for the benefit of creditors. The court found that the said assignment had been agreed to by certain creditors of the defendant, and the direction that the receiver carry out its terms cannot be construed into the effect of a finding that the trust agreement was valid as against plaintiff. The findings to the contrary in this regard are specific.

The judgment is affirmed.

SANDERS, J.: I concur.

COLEMAN, C. J., concurring:

While I was of the opinion that the general principles of law enunciated in State ex rel. Cameron v. Second Judicial District Court, 48 Nev. 198, 228 P. 617, were correct, I was never in accord with the order made, since I did not think the facts justified it; but, whether the order was right or wrong, there was available to the appellant, within limited time, an appeal from the order appointing a receiver, and, no appeal having been taken within the time limit, that question is foreclosed.

I find no prejudicial error in the record; hence I concur in the order of affirmance.